(100 South. 317)

## CAIRNES v. CAIRNES. (6 Div. 39.)

(Supreme Court of Alabama.   April 24, 1924. Rehearing Denied May 29, 1924.)

**1. Husband and wife ⊚⇒4—Husband and father not required to exhaust corpus of his estate to provide income for wife, with whom he is not living as' husband.**

A husband and father ,is not required to give up or surrender everything he has so as to deprive himself of a support or exhaust the corpus of his estate in order to provide an income for his wife, with whom he is not living as her husband.

**2. Divorce ⊚⇒286—Trial court's conclusion as to financial worth of husband and allowance of aid pursuant thereto not disturbed.**

Trial court's conclusion as to defendant husband's financial worth, and the alimony allowed pursuant thereto, could not be held so plainly contrary to the great weight of the evidence as to warrant the appellate court in disturbing same, though the allowance seemed lavish, where witnesses were examined ore tenus, and there was evidence and inferences to justify trial court's conclusion.

**3. Divorce ⊚⇒245(1)—Trial court may modify allowance upon showing of hardship.**

The trial court may modify an allowance for alimony, over which it has reserved control, upon proper showing that it will work oppression or hardship in case of a diminution of the husband's income or a change in the condition or necessities of the family.

**4. Divorce ⊚⇒306—Child upon attaining his majority not to be considered .as dependent, on question of alimony.**

On the question of alimony, a child after attaining his majority should not be included as a dependent.

**5. Divorce ⊚⇒197—Allowance of counsel fees to complainant reduced.**

Where, in a suit for divorce, the only relief awarded against the husband was a small increase in the allowance he was making to complainant and the minor children, which was the only default found against him by the decree, allowance of $750 of counsel fees to complainant in addition to $250 previously allowed pendente lite *held* sufficient, and to that extent allowance of $1,750 ordered reduced.

**6. Divorce ⊚⇒231, 294—Relief consistent with case made by bill and proof could be awarded under general prayer.**

Though divorce from bed and board, the primary relief sought, was denied, the court, under the general prayer, *held* authorized to award alimony and counsel fees and custody of the children to plaintiff wife, when consistent with case made by bill and proof.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill for divorce, alimony, etc., by Mae V. Cairnes against Thomas C. Cairnes. From the decree respondent appeals. Corrected and affirmed.

See, also, 209 Ala. 358, 96 South. 246.

Erle Pettus and Roy McCullough, both of Birmingham, for appellant.

No relief inconsistent with that specifically prayed can be awarded under the general prayer. Simmons v. Williams, 27 Ala. 507; Thomason v. Smithson, 7 Port. 144; Rives Bat. Co. v. Walthall, 38 Ala. 329. Failing to make out a case for divorce, complainant is not entitled to alimony. Johnson v. Johnson, 57 Kan. 340, 46 Pac. 700. The respondent could not be required to supply more than an adequate support to complainant and his minor children. Bulke v. Bulke, 173 Ala. 138, 55 South. 490; Corey v. Corey, 81 Ind. 169; Stevens v. Stevens, 49 Mich. 504, 13 N. W. 835; Harrison v. Harrison, 49 Mich. 240, 13 N. W. 581; McKnight v. McKnight, 5 Neb. (Unof.) 260, 98 N. W. 62. The allowance for attorney's fee was excessive. Coleman v. Coleman, 198 Ala. 225, 73 South. 473; 19 C. J. 230.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

No brief on original hearing reached the Reporter.

ANDERSON, C. J. The appellee filed a bill for a divorce from bed and board only, sought alimony, temporary and permanent, and the custody of the minor children. She was awarded temporary alimony and an attorneys' fee of $250,. but upon final hearing she was denied relief as to the divorce, the primary feature of the bill, though the trial court under the general prayer awarded her for herself and three minor children, including the use of the residence, $350 per month; also awarded her the custody of said children, and allowed $1,750 in addition to what had been previously allowed as a fee for her attorney. The trial court having denied relief as to the main feature of the bill, and complainant not having appealed, the only question presented for review is the correctness of the decree as to the relief that was granted.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] This is not a case where the husband had or was contending for the custody of the children or had abandoned his family without providing them with means of support, but where he voluntarily left the home, and, we may concede, through his own fault, as the trial court in effect so found, though the evidence tends to show that his home life was not as pleasant and congenial as it might have been, but provided them with a comfortable home and made them a monthly allowance as a reasonable support. When we say reasonable allowance, we mean one that would comfortably support a family of this size under careful and prudent management. So the only issue was whether or not the amount the respondent was contributing was adequate and proper, taking into consideration his income and what was a reasonable attorneys' fee for procuring an increase of said allowance in case the same was inadequate. Murray v. Murray, 84 Ala. 364, 4 South. 239; Rearden v. Rearden, 210 Ala. 129, 97 South. 138, and cases there cited.

[2-4] While the "Good Book" denounces the man who provideth not for his own as "worse than an infidel," there is nothing in the laws of God or man that requires the husband and father to give up his all so as to deprive himself of a support or exhaust the corpus of his estate to provide an income for his wife with whom he is not living as her husband. We have carefully considered the evidence as to the respondent's worth and income, and, while he has considerable city property and a good rental income from some of it, and an interest in certain coal lands, the evidence as to the income from the latter is in conflict and uncertain. While he has a good rental roll, it is not entirely uniform, as some of the property is at times vacant. It is also heavily mortgaged, and carries a big interest account, which, when considered with taxes and insurance, as well as the tax and insurance on the home, we feel that the trial court was most generous, if not lavish to the complainant, but the witnesses were examined ore tenus, and there was evidence and inferences from which the trial court could infer that respondent's net income exceeded his statement as to same, and we cannot therefore hold that the conclusion reached by the trial court, which was like unto the verdict of a jury, was so plainly contrary to the great weight of the evidence as to warrant us in disturbing same. The trial court has wisely reserved the future control of the allowance, and can modify same upon a proper showing that it will work oppression or hardship in case of a diminution of respondent's income or a change in the condition or necessities of the family. For instance, the eldest son is nearly of age, and should not be included as a dependent after attaining his majority.

Moreover, the present status may not long exist, as it is to be hoped that there may be a reconciliation.

[5] The next question presented is the allowance of counsel fees to the complainant, which was $250 pendente lite, and an additional $1,750 upon final hearing. Considerable evidence was had on both sides from practicing lawyers as to the value of the service of the complainant's counsel, and, while we deem the allowance quite generous, it was supported by much of the evidence, and we would not be disposed to disturb it had the trial court granted the primary relief sought and awarded permanent alimony. But this is not a case of divorce and alimony or what respondent should pay for services rendered in an effort to procure same, but involves only what fee should be charged to him for the procurement of incidental relief; that is, for getting a small increase in the allowance from the complainant to the respondent, and which is, in a sense, temporary. The record is voluminous, and many facts and features have been injected into the case which had no direct bearing upon the only relief granted, and the question is, not what respondent should pay counsel for a futile effort to secure a divorce for the complainant, but what he should in equity and good conscience have to pay for obtaining the only relief that was awarded against him, that is, a small increase in the allowance he was making to complainant and the minor children, and which was the only default found against him by the decree of the trial court. True, the custody of the children was awarded the complainant, but the respondent never had claimed or contended for same, and the only default found against him, as above noted, was that the contribution by him towards the support of the complainant and the minor children was slightly inadequate. We therefore think, and so hold, that $750, in addition to the $250 previously allowed, is as much counsel's fee as should be borne by the respondent, and the decree of the circuit court is to this extent corrected and affirmed. Ex parte Eubank, 206 Ala. 8, 89 South. 656.

[6] Counsel insist that, as the trial court declined the special and primary relief sought, it had no right, under the present pleading, to award relief that was granted under the general prayer. While the relief granted was not what was specifically prayed for, it was consistent with the case made by the bill and proof, and could be awarded under the general prayer. Mobile Land Co. v. Gass, 142 Ala. 520, 39 South. 229.

The decree of the circuit court is corrected as above indicated, and is affirmed.

Corrected and affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.