Arturo L. Echevarria, Plaintiff, Cross-Defendant and Appelee *v.* Madeleine Chabance, Defendant, Cross-Plaintiff and Appelant.

No. 7701. Argued June 9, 1939.—Decided July 22, 1939.

*Mariano Acosta Velarde* for appellant.   *C. Ruiz Nazario* for appellee.

Mr. Chief Justice del Toro delivered the opinion of the Court.

On April 24, 1935, Arturo L. Echevarría filed a suit for divorce against his wife Madeleine Chabance.

On May 13, 1935, the wife, alleging to be insolvent, moved the court to order plaintiff to deposit in the office of the clerk, "the amount of $750 for the expenses, costs and attorney's fees of the petitioner," requesting besides $200 a month as alimony.

The plaintiff opposed the petition for *litis expensas* in regard to the amount, alleging that one hundred dollars would be sufficient, and also opposed the petition for alimony for the reason that he had provided for his wife according to his means. The court fixed the alimony in the amount of $100 monthly and ordered the deposit of "one hundred twenty five dollars for attorney's fees", without prejudice that the defendant, once the case was ready for trial, could request of plaintiff the delivery "of a reasonable amount for the expenses incident to her defense in the trial."

The defendant answered and filed a cross-complaint. The case was heard and the court by judgment of May 12, 1937, dismissed the complaint and allowed the cross-complaint, "taxing the costs on the plaintiff and cross-defendant and including therein the amount of $150 as attorney's fees for the defendant and cross-plaintiff."

When the judgment had become final, plaintiff filed a motion alleging that he had paid to defendant the expenses of the trial, for which reason said defendant had not filed any claim for the same, and that in regard to the attorney's fees fixed at $150 by the court in its judgment, as he had already paid $125 in compliance with the previous order over *litis expensas,* there only remained to be paid $25, which he put at the disposal of the defendant as total payment of his obligation.

The defendant opposed and the court decided the issue as follows:

"Now, the question to be decided in this case is whether the *litis expensas* granted to the defendant and cross-plaintiff may be considered as attorney's fees for the defense or as an advance payment to be charged to the community property. It is my belief that the amount allowed as *litis expensas,* is nothing else but an advance of the fees to which counsel for the defendant may be entitled, as said lawyer has a right to collect whether he wins or loses the action. That wh'ch the law acknowledges is the right of the wife to be furnished with the means to defend herself in an action commenced, either by herself or by her husband. It is a fact that upon finally determining in the judgment the amount of the attorney's fees for the wife, I do not need to consider and I have never considered, the fees previously granted. It may be that in some cases, as in that of *Cairnes* v. *Cairnes,* 100 So. 317, an amount be granted as attorney's fees to the defendant, in the judgment, much greater than that granted as *litis expensas,* and this strengthens my theory to the effect that they are mere advances made by the court so as to provide the wife with the means to defend herself, or in the case that the husband should be the poor party, he may also claim when his wife is a wealthy woman as according to the code, the obligation that it recognizes by reason of the mutual duty of both spouses to support each other are reciprocal. The one receiving the advance as *litis expensas,* is not the wife but the counsel for the wife. It is not necessary that I should express my opinion as to whether this money for the *litis expensas* may be or not considered as alimony. The Supreme Court has already done this for me in the case of *Wolkers* v. *Masson,* 27 P.R.R. 259, in finally deciding that the lawyer who represents a wife in a suit for divorce has a right to be paid for his services even if the action should be lost, the value of the same remaining within the sound discretion of the court, as it is difficult to determine, upon assessing the amount granted as *litis expensas,* whether it is going to include all the amount of the professional services rendered by the lawyer. That is the ground for my finding that the *litis expensas* do not constitute anything but an advance of the amounts to which the lawyer for the wife may finally have a right, should she obtain judgment in the suit for divorce. If she loses the action, then the amount granted would be equivalent to the total value of the services rendered; but if she wins the action the court may and should in accordance with the law in force, fix the attorney's fees

for the wife, from which the amounts deposited by the husband as *litis expensas*, must necessarily be deducted. In my opinion, the plaintiff and cross-defendant, is right in what she requests, and for this reason the motion is allowed and the deposit of the $25 is declared as duly made, and also the judgment, in that part which refers to the attorney's fees granted to the defendant and cross-plaintiff is declared fulfilled.''

It is against that order entered on January 10, 1938, that the present appeal was taken by the defendant, who assigns four errors in her brief, committed in her opinion by the court, on amending its judgment, in finding that the amount granted as *litis expensas* was an advance on the fees, in including the $125 paid as *litis expensas* in the $150 assessed as attorney's fees in the judgment and in declaring that the judgment in regard to the fees, was fulfilled by the deposit of the additional $25.

Both parties have given and extraordinary consideration to this matter. Appellant's brief consists of thirty-two pages and that for appellee consists of forty pages. In our opinion, the matter is a simple one and its just decision depends on the terms in which the order deciding defendant's motion over *litis expensas* and the judgment are drawn.

The criterion of the lower court was clearly manifest from the beginning in the sense of splitting the expenses incurred upon by defendant when the action was ready for trial and the fees which necessarily had to be paid immediately to the lawyer in charge of her defense.

In regard to the expenses, there is no doubt. And in regard to the fees, the lower court clearly stated in its first order that the $125.00 allowed were granted exclusively as attorney's fees to the defendant.

The moment to finally decide the action arrived, and upon deciding it in favor of the defendant, the court assessed the amount of said attorney's fees at $150 and when the party sentenced to their payment requested that the payment be understood as already made in the form which we know,

that is, adding $25 to the $125 already advanced, the party opponent opposed, and the court, construing its own decisions decided in accordance to the petition.

Nobody was better qualified to interpret the scope of its own provisions than the district court, especially upon a matter in which the law leaves to the sound discretion of the court the final award of fees, as well as the assessment of the same.

It is clear that when at the beginning of an action a sum is assigned as *litis expensas* for the payment of fees in a suit for divorce, and the party in whose favor the deposit is made loses the action, the attorney's fees already received are not returned to the party who advanced them.

But this does not mean that the fees cease to be such for the reason that they are advanced or that they cannot be taken into account in order to liquidate those finally fixed in the judgment.

Considering the peculiar nature of divorce, when one of the parties lacks the necessary material means for his defense, the other party should furnish them, the burden falling on the solvent party to pay the total of the expenses of the lawsuit. Both litigants are partners, and the partnership principle, should defray the expenses of its pretended dissolution when it has not been decided yet who is the guilty partner.

In the ordinary course of litigation, each party engages his attorney and sometimes makes advances to be charged to said attorney's fees. The final payment will depend on the terms of the contract, and if said contract fixes a definite amount and advances have been made on it, the lawyer would have no right to collect from his client if the latter obtains judgment, the total amount of the fees assessed by the court, when said total amount is larger than the difference between the amount agreed upon and the advances.

In the case of *Walkers* v. *Masson*, 27 P.R.R. 259, 260–61 this Court stated through its Associate Justice Mr. Wolf:

"The court below also refused to award counsel fees *pendente lite*. We think this was error. Some compensation a wife ought to be able to give her lawyer in order to obtain adequate representation during the litigation. The lawyer who represents her is entitled to pay for his services even if he loses the suit. The amount of it is in the reasonable discretion of the court, . . . ."

See also the cases of *Carballo* v. *Rossy, District Judge*, 27 P. R. R. 855 and *Biaggi* v. *District Court*, 39 P. R. R. 439.

Consequently, we are concerned with a temporary measure, exacted through necessity while the action is pending and the rights of the parties are definitely ascertained, which temporary measure has, as it is natural, a relationship of continuity with said final decision.

The judge upon rendering judgment, assesses the reasonable amount of the attorney's fees awarded to the victorious party when he believes that there was obstinacy on the part of the losing party, weighing the degree of said obstinacy. Where the court, considering the nature of the action, has ordered an advance, the latter should be deducted from the sum finally granted unless the court itself orders that it be excluded, and here the court not only did not enter that order, but on the contrary, once that said question had been submitted to it, found that the advance was included within the reasonable amount which it fixed as fees to the lawyer for the service rendered to his client.

The appeal must be dismissed and the order appealed from affirmed.

Mr. Justice Travieso took no part in the decision of this case.