36 So.2d 310

**JONES v. JONES.**

6 Div. 718.

Supreme Court of Alabama.

June 17, 1948.

Rehearing Denied July 31, 1948.

Lowe & Williams and Earl McBee, all of Birmingham, for appellant.

Ross, Ross, & Ross, of Bessemer, for appellee.

STAKELY, Justice.

On April 10, 1946, a decree was rendered granting Leonora B. Jones (appellee) a divorce from Curtis B. Jones (appellant). In the decree custody of their child, Curtis B. Jones, Jr., was awarded to the mother, Leonora B. Jones. The decree also pro- vided for an allowance of "$85.00 per month to be paid to her as alimony and for the support of the child." She was also given the exclusive use and occupancy of the home which belonged to Curtis B. Jones. Curtis B. Jones was also required to pay $26 per month on the mortgage in- debtedness on the home. On November 29, 1947, Curtis B. Jones filed a petition for modification of the allowance for alimony and support and on March 3, 1948, after the witnesses were heard orally be- fore the court, the court entered a decree denying the petition. The appeal here is from that decree.

It is not practicable to set out all the evidence in detail, but in substance it may be stated as follows. At the time the original decree was rendered appellant was receiving a take home pay of $240 per month. When the petition to modify was heard, he was receiving a take home pay of from $250 to $260 per month. At the time of the original decree appellee was not employed. At the time the petition to modify was heard she was receiving a take home pay of $39.95 per week. At the time of this latter hearing she had pur- chased an automobile from her employer in order to enable her to get to her work. She lived about sixteen miles from where she worked and had no way to reach her place of employment except by bus with bus change on the route. Under the pur- chase agreement with her employer she paid $100 cash and $25 per month for five months and then the car would be sold and the excess, if any, above the purchase price of $2024 would belong to her. Then she would take another car. She furnished the gas and oil and the employer made the repairs. This was a plan used by the em- ployer to provide transportation for his employees.

The house allotted to appellee for her use and occupancy is a seven room house with bath and furnace. She and her child have lived in the house since the divorce decree. She rented a room for $5 per week for about two months and at another time took in a boarder for $12.50 a week for two months. According to appellee the house was in bad repair when the divorce was granted and she has been

forced to make repairs aggregating about $400 and she is still paying for the repairs at the rate of $40 per month. The repairs were made about six months after the divorce.

The boy at the time of the hearing on the petition to modify was 15 years of age and was in the ninth grade of high school. It has been necessary for appellee to feed and clothe the child out of the funds received by her as well as pay her various household and living expenses, including premiums on her burial policy, premiums on his life policy, school books for the child and medical expenses for him, together with the cost of dental work for him. Braces on his teeth cost her $100 and the charges of the dentist were $12 per month. The boy is still going to the dentist.

Appellant has remarried. Over the objection of appellant the court allowed the appellee to prove that appellant's present wife receives a salary of $200 per month. She has a child by a former marriage and the father of the child pays $50 per month for its support. At the time of the hearing on the petition appellant was paying $33 per month on an indebtedness incurred in part to pay the costs and expenses in the original divorce proceedings.

The court had the power in its judicial discretion to modify the original award on proof of changed conditions of the parties, one or both, but unless such discretion is abused, an order denying modification will not be disturbed on review. Ramsey v. Kitchens, 249 Ala. 609, 32 So.2d 361.

It is insisted by appellant that the proof shows such a change in conditions since the decree of divorce as to require a modification of the award in the exercise of judicial discretion. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89. Despite the increase in appellant's pay the appellee is now employed. But she must not only support herself and her son out of her allowance but keep up the home. The boy is at an expensive age. He needs food and clothing and appears to desire an education. According to tendencies of the evidence, it was necessary for her to go to work to make both ends meet. The return from her employment under the circumstances is not enough to require a change in her allowance. Nelson Divorce and Annulment, Vol. 2, p. 439.

The appellant has remarried. This is not within itself a ground for modification. Aiken v. Aiken, 221 Ala. 67, 127 So. 819. And the court was not in error in allowing proof that his present wife is employed. This is but a circumstance to be considered along with all the other evidence on the issue of changed conditions. Morris v. Morris, 240 Ala. 399, 199 So. 803.

The evidence was all taken before the judge in open court. He found that the allowance as originally fixed was equitable under all the circumstances. We see no reason to disturb his finding and decree.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.