88 So.2d 673

## William F. GRAY

### v.

### Ethel GRAY.

### 6 Div. 815.

Supreme Court of Alabama.

June 14, 1956.

Hollis B. Parrish, Jr., Birmingham, for appellant.

Chas. Denegre, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

On the 21st day of June, 1954, the Circuit Court of the Tenth Judicial Circuit of Alabama, in Equity, upon complaint of the wife, rendered a decree dissolving the bonds of matrimony between Ethel Gray and William F. Gray.

It was provided in said decree that the respondent, William F. Gray, pay to the

complainant, Ethel Gray, the sum of $50 per month as alimony, the payments to be made in two installments, on the 1st and 15th of each month.

On September 3, 1954, Ethel Gray filed in said court her petition to modify the final decree in the divorce proceedings and require respondent to pay her $90 per month alimony.

On September 20, 1954, the respondent, William F. Gray, filed his petition to modify the divorce decree, to the extent that he be relieved of all future alimony payments.

The two petitions to modify were set for hearing on September 24, 1954, at which time, petitions were heard before the trial court on evidence taken ore tenus. After a hearing, the trial court denied and dismissed both petitions. This appeal is by respondent husband, William F. Gray, from the denial and dismissal of his petition. The wife, Ethel Gray, did not appeal.

That the court may modify decrees for alimony, payable in installments, after a lapse of time and on account of changed conditions, though no power is reserved in the decree to make modification, in exercise of authority vested in court in proceedings necessarily continuous in nature and operation, is well understood and not denied here. See Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911; Epps v. Epps, 218 Ala. 667, 120 So. 150; Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825; Jones v. Jones, 251 Ala. 179, 36 So.2d 310; Ex parte Myers, 246 Ala. 460, 21 So.2d 113.

The trial court heard and saw the witnesses, and under our decisions when that is the case, this court will review his findings with the presumption of their correctness. No good purpose could be served by setting out the evidence in this proceeding. Suffice it to say, we have examined the evidence with care and it is not sufficient, in our opinion, to overturn the decree of the trial court.

Affirmed.

SIMPSON, GOODWYN and SPANN, JJ., concur.