164 So.2d 498

Virginia MASSEY

v.

Emmett MASSEY.

7 Div. 609.

Supreme Court of Alabama.

Feb. 6, 1964.

Rehearing Denied May 21, 1964.

Virgil Smith, Gadsden, for appellant.

Hanby & Stivender, Gadsden, for appellee.

PER CURIAM.

The only changed circumstance shown is the husband's remarriage. This alone is not sufficient to justify modification of the alimony allowance. Aiken v. Aiken, 221 Ala. 67, 127 So. 819; Jones v. Jones, 251 Ala. 179, 36 So.2d 310; Young v. Young, 262 Ala. 254, 78 So.2d 265. The facts are stated in the dissenting opinion of Simpson, J. We are, therefore, of opinion that the decree should be reversed and the cause remanded.

Reversed and remanded

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL, COLEMAN, and HARWOOD, JJ., concur.

SIMPSON, J., dissents.

SIMPSON, Justice (dissenting).

At the oral hearing held before the court below, only two witnesses testified, the appellee and appellant. The appellee testified that he had remarried since his divorce from appellant and had two children by his marriage. Since 1957 he actually had the continuous custody of both of his children born of the marriage to appellant. One of those children is now self-supporting, the other still in his care and custody. Appellee's gross income before deductions is $84.00 per week; the fixed monthly expenses were itemized at $326.52 per month. In addition to this, other bills were owed to doctors, Sears Roebuck, new tires for his car used in going to and from his work, purchase of washing machine and heater, necessary for present household. Appellee testified that he was not financially able to pay alimony to appellant and the entire evidence seems to so indicate.

Appellant testified that she never had a job and has been under the care of a physician since her divorce, that medicine for her nerves costs her about $20.00 per month, and that she lives with her mother and has no income other than alimony from appellee. She testified that she had been in Bryce Hospital for one year, but since her discharge she had attended a trade school in Gadsden and a rehabilitation school in Birmingham. She was taught trades like sewing, but was apparently not too interested in it. Appellant further testified that she was living with her mother, who owns her home, and whose only income was from an old-age pension.

The only question before this Court is whether the trial court erred in terminating alimony payments.

There is no doubt that the equity courts have the power to increase or decrease payments of alimony that have not become due, even though the power is not reserved in the divorce decree.—Montgomery v. Montgomery, 275 Ala. 364, 155 So.2d 317; Sims v. Sims, 253 Ala. 307, 45 So.2d 25, 15 A.L.R.2d 1246. The decree is, of course, final as to those conditions existing at the time of the decree.—Morgan v. Morgan, 211 Ala. 7, 99 So. 185. And with respect to alimony and maintenance, the court will not modify a decree except on proof of changed conditions which justify the modification and only to the extent of such changed conditions.—Montgomery v. Montgomery, supra; Callen v. Callen, 257 Ala. 226, 58 So.2d 462.

We do not believe there can be any doubt of the changed circumstances justifying a termination of alimony payments in the case at bar. The lower court has had the opportunity to know both the parties through several years of deciding their various controversies and can in its discretion modify an original award of alimony in a divorce decree on proof of changed circumstances of the parties, and unless the discretion is abused, the action will not be reversed on appeal.—Hartsfield v. Hartsfield, 261 Ala. 386, 74 So.2d 420.

Of course, a divorced husband's remarriage is not within itself a ground for modification of the original award of alimony, but is a circumstance to be considered along with all other evidence on the issue of changed conditions.—Evans v. Evans, 264 Ala. 2, 84 So.2d 337; Jones v. Jones, 251 Ala. 179, 36 So.2d 310. Or, stated another way:

"The fact that a divorced husband has remarried is a circumstance that may be considered in weighing the equities of the situation when he requests the court to reduce support and maintenance payments * * *. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89; Keith v. Paden, 255 Ala. 294, 51 So.2d 9; Jones v. Jones, 251 Ala. 179, 36 So.2d 310 * * *."—Stewart v. Stewart, 261 Ala. 374, 74 So.2d 423.

Since the amended decree in 1957, reducing alimony payments, appellant has attended the Gadsden Trade School and apparently had the capacities to learn a trade, since the officials at the school suggested and recommended that she go to Birmingham to the rehabilitation school to learn a trade and gain employment. We think it would appear, or at least the trial court could have found, that appellant has never exerted any effort to contribute anything whatsoever to her support and has been content to rely upon appellee for full support and maintenance, which he seems now unable to do. She resides with her mother and admittedly is able to do chores in and about the house and garden.

I do not think we could say with any degree of certainty that the lower court abused its discretion in rendering the stated decree.