258 So.2d 902

**Kate Marie CLARKE**

v.

**William M. CLARKE.**

**I Div. 49.**

Court of Civil Appeals of Alabama.

March 8, 1972.

McDermott & Deas, Mobile, for appellant.

Johnston, Johnston & Kendall, Mobile, for appellee.

BRADLEY, Judge.

This appeal is from a decree of the Circuit Court of Mobile County, in Equity, dated December 15, 1970, in which a previous decree dated September 8, 1960 is modified by eliminating alimony payments, house mortgage payments and fixing child support for one child at $280 per month, and the decree overruling the application for rehearing.

The parties to this lawsuit were divorced by the decree of September 8, 1960 for the adultery of appellee. Appellant was given custody of the three minor children, awarded $350 per month as alimony, $350 per month as child support, and given title to the house in which the parties had been living. Appellee was also required to transfer ownership in an automobile owned by him to appellant, to maintain certain insurance policies for appellant and the children, and to pay certain debts then outstanding.

In May 1961 appellee moved the court to modify the 1960 decree by reducing the support payments, due to the fact that he had remarried and now had another family to support, plus the fact that his income was less than before the 1960 decree. This motion was taken under advisement and the record reflects no ruling thereon.

In November 1962 appellee filed another motion to modify the decree of 1960 by reducing the support payments, alleging that his income had been greatly reduced and that he was having to pay the Internal Revenue Service $600 a month for delinquent income taxes.

This matter was referred to a reference and the report showed that appellee had suffered a reduction in income, was indebted to the Internal Revenue Service for $8,000 for back income taxes for which he was paying at the rate of $600 per month, and was supporting a new wife and two children. The report recommended that the alimony and support payments to the first family be reduced to $475 per month for three months and then gradually increased to $600 per month.

A decree was rendered on May 13, 1963 modifying the 1960 decree to the extent of reducing the support payments from $700 to $450 per month for six months at which time the court would reassess the situation.

On January 3, 1964 appellant filed a motion asking the court to modify its decree of May 13, 1963 so as to increase the support payments for her and her children to $600 per month.

The May 13, 1963 decree was further modified by reducing still further support payments for appellant and her children to $425 per month with appellee being required to catch up the arrears in the house mortgage payments.

In February 1965 appellee was directed to satisfy arrearages in support payments and to keep such payments current.

On May 12, 1970 appellee filed a motion to modify the previous decrees requiring support payments to appellant and her children for the reason that two of the children had married and were no longer dependent on appellee for support.

In response to this motion the court ordered a reference and appointed an attorney to represent appellant.

The reference report filed July 24, 1970 showed that the parties had been divorced in 1960 with the appellee being required to pay $350 per month alimony and $350 per month child support, that he had been

required to convey title to the homeplace to appellant and to bring the mortgage payments up to date; that this decree was subsequently modified by reducing the alimony and child support payments to $425 per month and requiring appellee to bring current the mortgage payments and to pay them as they came due in the future; that there was now only one child living at home with appellant and requiring support; that appellant does not now work nor has she been able to secure employment; that appellee was in arrears with the mortgage payments and with the support payments; that appellee's present gross income was about $50,000 per year; that appellee is now divorced from his second wife and is behind in alimony and support payments to her and her children in the amount of $3,000.

On August 5, 1970 and before a decree was rendered on appellee's most recent motion to modify, appellant filed a motion seeking the issuance of a rule nisi alleging that appellee was in arrears with the alimony and child support payments, was in arrears with the mortgage payments, was an able-bodied man earning between $40,000 and $50,000 a year, and asked for an order to show cause why he should not be held in contempt of court.

The motion for a rule nisi was heard by the trial court on August 25, 1970, and it does not appear from the record that the trial court intended at that time to include appellee's motion to modify which he had filed on May 12, 1970, and on which he had obtained no ruling even though there had been a reference report filed with the court on July 24, 1970, for the trial court specifically stated that the hearing was on appellant's request for the rule nisi.

In the court's decree of December 15, 1970 it is stated that the matter being ruled on is appellee's motion to modify a previous decree fixing alimony and support payments at $425 per month plus requiring appellee to pay a monthly mort-

gage payment amounting to about $75 per month.

The decree further provides that the court finds for the first time that the appellant is now gainfully employed and the prior decree should be modified so as to reduce the support required of appellee, and the decree further provides that appellee is relieved of any further payment of alimony and house payments, but shall continue to pay $280 as child support.

So far as the record shows there has been no ruling on the appellant's motion for the rule nisi.

Appellant filed a motion on January 14, 1971 seeking a rehearing of the December 15, 1970 decree, and in support of said motion filed an affidavit that no evidence had been given at any hearing which she attended that she was employed. The affidavit further provided that she was now gainfully employed.

A hearing was held by the court on February 5, 1971 on the motion for rehearing, at which time it was stipulated that the evidence taken at the hearing on August 25 would be considered by the court in support of the motion to modify as well as the motion for the rule nisi.

At that hearing the appellant testified that she was not employed at the time of the August 25, 1970 hearing, nor any time prior to that except for one and one-half years at Brookley Field, which employment was terminated in 1967. She further testified that she was now employed, and such employment commenced on September 8, 1970 and would terminate in about one month. She said that it was only a temporary job.

On February 19, 1971 the court overruled the motion for rehearing. Also on this same day the former decree of December 15, 1970 was amended to show the date of the hearing on motion for the rule nisi was August 18, 1970 rather than December 15, 1970. There were no other

changes besides this one made in the December 15, 1970 decree.

The evidence in this record shows that since 1960, when the divorce was granted and up until this case was appealed to this court, the trial court has been burdened with motions and countermotions by the parties seeking to have one or the other of the parties ordered to perform some duty he or she had failed to perform, and the record also shows that the appellee has consistently moved the court to reduce or eliminate the alimony and support payments he had been required to make for the maintenance and support of his children and former wife.

The evidence further showed that during this period of time the appellee remarried, fathered two children, then was divorced from this wife and is being required to pay alimony and support to the second wife and her children.

Also during the period in question the appellee began to get behind with his income tax payments to the point where he is now $30,000 to $32,000 in debt to the Federal government for back income taxes. However, it was also shown that during the period of time since 1964 appellee's income was running between $40,000 and $50,000 a year from his practice as a lawyer before the U.S. Bankruptcy Court.

At the same time that appellee was getting behind in his income tax payments, he was also losing large sums of money gambling on the race horses, usually at the racetrack in New Orleans, Louisiana, but sometimes at the tracks in Chicago, Illinois. He stated that his losses could easily have exceeded $25,000.

Appellee's testimony was to the effect that he should no longer be required to pay alimony to his first ex-wife because she had made a mess of raising his three children, had taught them to hate him, and had permitted them to engage in conduct that he considered to be offensive. The

evidence also shows that the only time that appellee attempted to obtain custody of any of the children was the one time when he sought custody of his sixteen year old son, when the son was attempting to enlist in the Marine Corps.

The appellant denied that she had taught the children to hate their father and stated further that she had done the best she could under the circumstances. She stated that appellee failed to keep his payments current and she was placed in the position of seeking the aid of the courts almost constantly.

She also testified that the only time she had worked during the period in question was for a year and a half at Brookley Air Force Base, which employment terminated in 1967. The record reveals no contradictory evidence regarding her employment.

Appellant in her assignments of error is contending that the trial court erred in eliminating the alimony payments, eliminating the mortgage payments, and in reducing the child support payments.

▆▆ A prior decree of divorce granting to the ex-wife periodic payments of alimony and child support will not be modified unless there is a showing of changed conditions since the prior decree. Sims v. Sims, 253 Ala. 307, 45 So.2d 25, and Colton v. Colton, 252 Ala. 442, 41 So.2d 398. The burden of showing changed circumstances is on the party seeking a modification of the original decree in custody cases. Andrews v. Sullivan, 260 Ala. 291, 69 So.2d 870. And we also consider the burden to be on the party who seeks a modification of a prior decree awarding alimony and child support because of changed conditions.

In the instant case the burden was on the appellee to show a change in conditions since the last decree, sufficient to warrant further modification.

The decree of December 15, 1970 seems to be premised on the finding of fact that

appellant was gainfully employed and therefore appellee should be relieved of alimony and house payments. But there is no evidence in the record to support such a finding; in fact the record shows in several places that the appellant was not gainfully employed at the time of the last hearing before the court, although she had been seeking work.

The decree is therefore in error if this finding is the sole basis of its judgment to relieve appellee of alimony and mortgage payments.

Notwithstanding this erroneous finding of fact by the trial court, there may have been other sufficient reasons for the decision to cut out the alimony and mortgage payments required of appellee.

Appellee, in the hearing before the trial court, either on August 18, 1970 or August 25, 1970—the record shows both dates—testified that he should be relieved of alimony and mortgage payments because of the way his wife had raised his children and turned them against him. He also stated that he was now $32,000 in debt to the Federal government for unpaid income taxes.

In reading this record it readily appears that appellee did not pay his income taxes over the years and as a consequence got deeper in debt to the U. S.

This same record also reflects that during this same period of time that appellee was not paying his income taxes, he had added another family to his support list, and he was gambling heavily. He stated that he could have easily lost $25,000 betting on the horses during this period. Certain it is that the sum of money lost on the horses could have easily solved appellee's income tax problems.

Yet, the appellee comes into court and asks for relief in the form of the elimination of payments he had been required to make to appellant as alimony and payment of the mortgage, even though his financial condition was the result of his own folly— and he readily admits that his present financial condition is of his own making.

■ The question then arises, do these facts constitute changed circumstances sufficient to authorize a modification of the former decree? We think the answer is in the negative.

The remarriage of the husband is not such a change in circumstances as will justify a reduction of alimony being paid to the former wife. Colton v. Colton, supra.

■ The fact that he had remarried and become the father of more children is not such a change in circumstances as would authorize a reduction in alimony payments.

Appellee then says that due to his income tax problems, he is now unable to maintain the present payments to appellant and her children for their support and maintenance.

Does the evidence support such a contention? We think not.

The appellee is a professional man, is in good health and has an excellent earning potential—his income tax returns show earnings between $40,000 and $50,000 a year. But this same appellee has a penchant for gambling on the horses.

In Thomas v. Thomas, 281 Ala. 397, 203 So.2d 118, the Supreme Court said:

"A professional man with large potential earnings but who has spent his earnings in extravagant living is in no position to contend that his wife and children are not entitled to support and maintenance because he had not accumulated an estate nor can he shield himself from such obligation by a willful abandonment of his earning capacity in order to defeat such obligation."

In the instant case the appellee was unquestionably earning a very sizeable in-

come, which certainly was a sufficient sum to meet his obligations had he not wasted it by gambling. Furthermore, had he not gambled his money away, the chances are very good that he would have had sufficient funds available to pay his income taxes.

Yet the appellee comes into court asking, in effect, that the court punish his first family by reducing the support payments he has been required to make to them, because he has wasted his money on gambling and failed to pay his debts, and there is no money available to pay his former family. These conditions of appellee's life do not amount to such material changes in prior circumstances as would authorize the trial court to modify its former decree by relieving appellee of the payment of alimony and mortgage payments.

There is no evidence that appellant's financial condition has changed from the last decree fixing support for her and her children at $425. However, there has been a change in the number of children depending on appellee for support. Two of the three children have married and are no longer dependent on appellant or appellee for support.

The fact that two of the children are no longer dependent upon appellee for support is a circumstance to be considered by the court in deciding whether conditions have changed since the last decree. See Cairnes v. Cairnes, 211 Ala. 342, 100 So. 317.

The record fails to support the finding that appellant was employed at the time of the last hearing either on August 18 or August 25, 1970; furthermore, the evidence in the record is insufficient to support a finding that there has been a material change in appellee's circumstances such as to authorize the court to relieve him of any future alimony or mortgage payments.

The evidence does authorize a modification of the former decree insofar as child support is concerned, for it is quite apparent that appellee now has only one child by appellant to support.

The 1964 decree fixed the amount needed for support for appellant and children at $425. This amount represented a reduction from the 1960 decree which had been $700. The 1960 decree gave the appellant $350 per month as alimony and $350 per month as child support. The subsequent decrees referred to a single amount for support but failed to differentiate as to what percentage was child support, although it was quite apparent from the pleadings, reference reports, and decrees that the total sum included alimony as well as child support.

We shall assume that the percentages for alimony and child support in the subsequent decrees were the same as in the 1960 decree, i. e., one-half for alimony and one-half for child support.

This would mean that the amount of alimony in the 1964 decree would have been $212.50 per month.

The 1964 decree also required the continuance of the mortgage payments which amounted to $75 or $80 per month. The evidence showed that the mortgage would be paid in about three years.

The evidence also showed that there is only one child remaining at home who is dependent on appellee for support, the other two having married and no longer being dependent on appellee.

Under these circumstances a reduction in child support payments would be authorized. However, this court takes judicial notice of the fact that we are living in an inflated economy and that costs have increased considerably since 1960 and even since 1964; therefore, we consider $150 per month for the one remaining child not to be an unreasonable amount for child support.

This cause is remanded to the trial court for a decree to be entered fixing the

alimony payment at $212.50 per month and the child support payment at $150 per month, and the mortgage payment at the required sum per month to satisfy the mortgage.

Reversed and remanded with directions.