261 So.2d 53

**William Jordan TUTWILER**

**v.**

**Jane Harris TUTWILER.**

**6 Div. 130.**

Court of Civil Appeals of Alabama.

April 12, 1972.

As Corrected June 14, 1972.

McCollough, McCollough & Callahan, Birmingham, for appellant.

**BRADLEY, Judge.**

This appeal is from a final decree denying a petition for modification of a divorce decree. Appellant had petitioned the trial court to modify a decree awarding the ex-wife $150 per month as alimony. The decree awarding alimony was rendered in 1963.

The 1963 decree gave appellee a divorce for the cruelty of the appellant, awarded her custody of the two minor sons, awarded her $100 per month as child support for the youngest child who was living with her, the other child being 18 years old and a student at the Citadel, a school in Charleston, South Carolina, and awarded appellee $150 per month alimony until such time as she should remarry. The appellant had agreed, and was required, to pay the college expenses of the oldest child for a four year college course; there was also a requirement that appellant pay the medical and dental expenses of both children until they should reach the age of 21 years. Appellant also agreed to send the youngest child to college when he became eligible to attend a college.

At the time of the divorce decree appellant was a Commander in the U. S. Navy, stationed in Washington, D. C., and appellee was unemployed.

After the divorce appellee moved to Birmingham, where she resided with her parents and still does.

Several months after the divorce, appellee became employed as a teacher with the Jefferson County Board of Education.

In 1969 appellant petitioned the Jefferson County Circuit Court to modify the alimony provision of the 1963 divorce decree because he had retired from the Navy and was making less money than he had been making at the time of the final decree. He stated he was making about $12,000 per year at the time of the divorce in 1963, but was only receiving about $9,000 a year in retirement pay.

The court modified the 1963 decree to the extent that it reduced the alimony payments to appellee from $150 per month to $135 per month for the time that a child was in college. After the completion of the children's college training, the alimony payment was to revert to $150 per month.

The evidence showed that appellee was employed as a teacher at the time the 1969 petition for modification was filed in the court.

There was no appeal from the order of modification of 1969.

Then in 1971 appellant again petitioned the court to modify the alimony provision of the divorce decree by removing completely the requirement that he pay appellee alimony.

The evidence showed that appellee was still employed as a teacher with an income

of about $7,200 a year, with a small interest income from savings; that the oldest child had completed college and was self-supporting; that the youngest child was deceased; that the alimony payments were now $150 per month as originally required —the condition of the 1969 decree having been satisfied—the appellant's retirement income had increased to about $10,800 per year; that he was now employed, making about $75 per week; and that his new wife was also employed, drawing about $7,000 a year.

The evidence also showed that appellant was 51 years old and in good health.

The appellant made six assignments of error; three questioned the insufficiency of the evidence to support the decree; one contended that the trial court erred in sustaining an objection to a question asked of a witness by appellant; and two stated that the trial court erred in denying the petition for modification.

As appellee has pointed out in brief, appellant did not specifically mention a single assignment of error in his brief, although appellant did argue that the trial court had abused its discretion in denying the application for modification.

Furthermore, there was no narrative statement of each witness' testimony as required by Rule 9, Supreme Court Rules, when the sufficiency of the evidence to support the decree is assigned as error.

■ Also it appears that appellant has argued all of his assignments in bulk, and the rule is that when this is done, and one of the assignments is without merit, the court will not consider the others. Zanaty v. Hagerty et al., 280 Ala. 232, 191 So.2d 516; and Piper Ice Cream Co. et al. v. Midwest Dairy Products Corp. et al., 279 Ala. 471, 187 So.2d 228.

■ The assignment of error directed to the order of the court sustaining an objection to a question asked of a witness was not argued in brief and is deemed waived.

Rule 9, Supreme Court Rules; Suits v. Glover, 260 Ala. 449, 71 So.2d 49.

There are two assignments of error directed to the trial court's abusing its discretion by denying the modification, and three assignments contending that the evidence was sufficient to require a modification of the decree.

■ The Supreme Court requires that Rule 9(b) of its Rules, i. e., a narrative statement of each witness' testimony, he observed when an assignment of error is made and argued that the decree is unsupported by the evidence. Beck v. Beck, 286 Ala. 692, 246 So.2d 420; and Albright Equipment Co. v. Waddell, 284 Ala. 329, 224 So. 2d 878.

However, in the case at bar the appellant, although not complying strictly with the requirements of Rule 9(b), supra, did give in his "Statement of the Facts" a very comprehensive recitation of the testimony of the two witnesses testifying at the trial, supplying, in our opinion, all of the evidence necessary to make a determination of its sufficiency to support the decree. Hence we consider that there has been a substantial compliance with Rule 9(b), supra; especially in view of the Supreme Court's holding in Williams v. Pope, 284 Ala. 456, 225 So.2d 861, that, based on the facts of that case, "It would be hypertechnical to hold that under the conditions of this appeal Rule 9 has been so faulted as to prevent a consideration of the evidence . . ."

We therefore believe that we should consider the argument made in brief that the trial court abused its discretion in refusing to modify the original decree as requested by appellant.

The Supreme Court said, in Whittle v. Whittle, 272 Ala. 32, 128 So.2d 92, that:

"The granting or denying of an application for modification of a decree of alimony or maintenance on the ground of a change in the financial circumstances or needs of a party rests in the sound discretion of the trial court, and an order denying modification will not be dis-

turbed on review unless that discretion has been abused. Gambrell v. Gambrell, 268 Ala. 671, 110 So.2d 248; Jones v. Jones, 251 Ala. 179, 36 So.2d 310."

The facts bearing on the financial circumstances or needs of the parties show that in 1963 appellant was earning approximately $12,000; that in 1969 his income was reduced to $788 per month; that in 1971 his income was back in the neighborhood of $14,500 per year, which is more than he was making in 1963; that the appellee was unemployed at the time of the divorce in January 1963, but she became employed in September 1963; that she was earning approximately $6,000 in 1969 as a schoolteacher; and in 1971 she had an income of about $7,200, made up mainly of her salary as a schoolteacher.

The evidence showed also that appellant had remarried and his wife was earning around $7,000 a year.

The changed financial circumstances for appellant in 1971 place him in as good or better position than he was in at the time of the divorce in 1963, and certainly he was in a much better financial situation in 1971 than he was in 1969, and now he does not have the expenses of child support. The appellee's financial condition has changed since the final decree of 1963 in that she had to go to work in order to support herself and her child. She obviously could not live on $150 per month.

Our Supreme Court said in Jones v. Jones, 251 Ala. 179, 36 So.2d 310, that the mere fact that the wife has obtained employment subsequent to the divorce decree does not automatically require a reduction or termination of alimony payments, for there may be a just reason for her keeping both incomes.

It is our belief that the trial court considered the circumstances not only of the appellant's reduced income, but also the employment of appellee, when it modified the decree conditionally in 1969 by reducing appellee's alimony payments by $15 per month so long as appellant was educating the children.

It is also our belief that the trial court ascertained that since 1969 there had been a change in appellant's circumstances, but the change was not for the worse but for the better. His income had increased considerably since the last modification order in 1969. In fact it went from $10,800 to about $14,500, whereas appellee's financial condition had not materially changed since the last modification order.

Based on the evidence contained in the record we do not believe that the trial court abused its discretion by denying the petition for modification.

The appellee has moved this court to award her an amount as attorney's fees for the representation she has received on this appeal. We consider $100 as attorney's fees for appellee's attorney to be reasonable, and we so award that amount. Whittle v. Whittle, supra.

The decree appealed from is affirmed with an award of $100 to appellee as attorney's fees.

Affirmed.