This is a divorce case.
The parties were divorced on January 16, 1976. The decree of the trial court among other awards required the husband to maintain a medical insurance policy on the wife and to make alimony payments to the wife of eight hundred dollars ($800.00) per month. A subsequent petition by the husband seeking to modify the decree was denied by the trial court and the denial was affirmed by this court on appeal. Meyer v. Meyer,346 So.2d 972 (Ala.Civ.App. 1977). On March 24, 1978, the wife filed a petition in circuit court seeking payment by the husband of $2,624.31 in medical expenses which she had incurred. The husband counterclaimed seeking to have the provisions regarding medical insurance and alimony eliminated from the decree. The trial court ordered the husband to pay the accrued medical expenses, modified the decree to remove the provision regarding medical insurance and refused to modify the amount of alimony.
The sole issue presented by this appeal is whether the trial court abused its discretion in refusing to reduce the amount of alimony. We find no abuse of discretion and affirm.
The husband is a physician. Since the time his first petition to modify was denied, he has left private practice and entered upon employment by the Cullman County Rural Health Development Foundation, Inc. His change in employment was occasioned in part by a heart attack which forced him to reduce his activities. He has also sold all of the property which he then owned and "hocked" his jewelry collection for $12,000. This change in employment and sale of income-producing property is the change in circumstances upon which the husband relies in his appeal.
According to his testimony, the husband's professional association is paid a gross salary of $42,500. His expenses and taxes are paid from that sum. His testimony was that he netted some $14,500 from that sum. The weight and credibility of that testimony were for the judge.
The burden of proving a change in the financial circumstances of a party as a basis for modifying an alimony award is on the party seeking such change. Clarke v. Clarke, 47 Ala. App. 558,258 So.2d 902 (1972). It is well-established in Alabama that where the evidence in a divorce case is heard ore tenus by the trial court, its findings are presumed correct and will not be disturbed on appeal except for palpable abuse of discretion,Lassitter v. Lassitter, 371 So.2d 918 (Ala.Civ.App. 1979), and this rule has particular application as regards an award of alimony. Meyers v. Meyers, 318 So.2d 725 (Ala.Civ.App. 1975).
In the instant case, although there is evidence that the ability of the husband to pay alimony has been somewhat impaired, we cannot say that the refusal of the trial court to modify the $800 per month alimony provision is such an abuse of discretion as to require reversal. The trial court's judgment is affirmed.
The wife's request for attorney's fee for the representation she received on this appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.