The trial court denied the plaintiff's motion to terminate or reduce alimony. The former husband appeals and contends that the circuit court was palpably wrong.
On January 14, 1975, the parties were divorced by a judgment which confirmed their agreement whereby the defendant was awarded $500 per month as periodic alimony.
The allegations in the plaintiff's 1980 motion as to a material change of circumstances were "that the assets and income of *Page 1021 
Marinel C. Snow have remained substantial while the Petitioner's income has drastically decreased and his assets have been depleted to the point that he is no longer able to pay alimony." He additionally contended that his health had so deteriorated that he was unable to further meet his alimony payments.
After an ore tenus hearing where the only witnesses were the two parties, the trial judge denied a change in alimony and ordered that the amount of alimony to be paid remain the same. We shall examine the evidence alongside the motion to ascertain if the testimony was such that the judgment was palpably wrong.
There has been no favorable material change in the status of the former wife. To the contrary, her standard of living has diminished, and, as is the case of people on fixed incomes, she has been plagued by the ravages of more than five years of inflation without an increase in alimony. She has not remarried, is still unemployed and is 57 years of age. However, in that respect, we are not impressed that the defendant desires, or has actively sought, gainful employment. Her only income is from assets which she received through the divorce property settlement, which income consists of gross rents of $2,400 per year and annual interest income approximating $2,500. Her income taxes amount to around $1,000 per year. She is still indebted upon a real estate mortgage, which she has reduced, since the divorce, to a present balance of $3,500. Her combined alimony and income are barely adequate to cover her expenses, with the alimony alone being insufficient to provide food, transportation, clothing and house payments for her.
The plaintiff, who is 60 years of age, remarried over five years ago and the couple have a four year old son. In 1979 the plaintiff conveyed to his present wife his one-half undivided interest in 38 acres of woodland worth around $10,000; the house in which they reside, the equity thereon being approximately $15,000; and the building used for his business, valued at $25,000. This transfer of substantially all of his assets was entirely voluntary on his behalf, was without monetary consideration, and does not constitute a lawful excuse for ending or altering the payment of alimony; neither does his remarriage alone. Massey v. Massey, 276 Ala. 502, 164 So.2d 498
(1964).
Although he alleged in his motion that he cannot continue to pay alimony because of ill health, his testimony was emphatic and unequivocal that he enjoys good health.
Thus, the principal ground in his motion was that his income has decreased to the point that he can no longer pay alimony.
The plaintiff has been a brick dealer since 1963 and owns his own business, which was not incorporated until October 1, 1979. No brick is kept in inventory. He solicits the purchase of brick at 10% over his cost, orders them from one of his brick manufacturers, pays the salary of a truck driver to deliver the brick to his customer, collects from the customer and pays the manufacturer.
The joint income tax returns, according to the plaintiff, indicated the following income before taxes: 1975, $14,485; 1976, $13,588; 1977, $40,935; and 1978, $39,170. He contends that in 1979 he had a deficit of checks over receipts of almost $8,500 and that such deficit for the first five months in 1980 amounted to slightly over $7,000, all occasioned by a depressed building industry. The checks, or books, were not in evidence. He opined that he was on the verge of bankruptcy.
The plaintiff and his family lived out of the business prior to its incorporation. For the last quarter of 1979, he was paid a weekly salary of $350 by the corporation, but such salary ceased on December 31, 1979. His present wife has worked for the business since their marriage, with her weekly salary since October 1, 1979, being $350 gross, $279 net. Since January 1, 1980, the plaintiff's wife has paid all of their living expenses. His itemized list of monthly expenses, excluding alimony of $500, totaled $2,222.17, but were critically and sharply examined in detail by the trial *Page 1022 
court. His wife received $150 per month as child support for her 17 year old son by a prior marriage, who resides with them. In 1980, the only income which either the plaintiff or his present wife received from all sources consisted of her net salary from his corporation of $279 per week and her $150 per month child support. Although they did not borrow any money to pay expenses and had no money on hand, he testified that his wife paid all of their 1980 expenses which, as of the June 4 trial, were entirely current, other than alimony to the defendant after March. The plaintiff was not able to explain as to how they met such obligations or where the extra money came from.
The plaintiff contends that there was no conflict in the evidence and that the only duty of the court was to analyze it and determine from it whether there had been such a change of circumstances as to justify a modification or elimination of alimony. Sims v. Sims, 253 Ala. 307, 45 So.2d 25 (1950). However, it appears that the trial court had severe reservations about some of the plaintiff's testimony regarding expenditures, and the plaintiff failed to explain how the alleged expenses of from $2,200 to $2,700 per month for the first five months in 1980 could have been paid entirely and exclusively from his wife's monthly child support and her net weekly corporate salary.
 According to his testimony, the husband's professional association is paid a gross salary of $42,500. His expenses and taxes are paid from that sum. His testimony was that he netted some $14,500 from that sum. The weight and credibility of that testimony were for the judge.
Meyer v. Meyer, Ala.Civ.App., 375 So.2d 799, 800 (1979).
We presume that the judgment of the trial court is correct since the evidence was heard orally. The judgment will not be set aside unless the trial court was palpably wrong. Childressv. Childress, Ala.Civ.App., 378 So.2d 1147 (1979). "Palpable" means "[e]asily perceptible, plain, obvious, readily visible, noticeable, patent, distinct, manifest." Black's Law Dictionary (5th ed. 1979). As stated in Meyer, supra, the weight and credibility of the plaintiff's evidence was not for the trial court which held adverse to the modification motion. When an appellate court dutifully considers the trial evidence and is uncertain therefrom as to whether alimony should, or should not, have been modified, the party having the burden of persuasion has failed to overcome the presumption of correctness; for, under such circumstances, it is not easily perceptible, or plain, or obvious, etc., that the trial court was erroneous in rendering the judgment. The circuit court did not palpably abuse its discretion in refusing to terminate or reduce alimony. We, therefore, must affirm.
As a fee upon appeal, we hereby award an attorney's fee of $400 to be paid by the plaintiff to the defendant's attorneys.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975, and it is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.