This is a modification of alimony and child support case.
The parties were divorced on August 3, 1978, with custody of two minor children awarded to the mother. The father was ordered to pay $450 per month as alimony and child support. The older child became of age January 16, 1982. The younger is nine years of age. The father follows construction *Page 972 
work. The mother has no employment.
In January 1984 the father filed a motion to modify his payments, alleging he was unemployed and lacked the ability to pay. The record reveals that at the time of the hearing in May 1984, the father had been unemployed since October 1983; his unemployment benefits ceased in April 1984; he sold a van to make his alimony and child support payments; he lives in a trailer valued at $1,500 and owns a 1976 Ford Granada, valued at $1,000. He had minimum living expenses of $216 per month with drug and doctor bills of $613.95. He suffers with stomach ulcers, arthritis, recurring prostatitis and nerves, and according to Dr. Vora is unable to do sustained work such as forty hours per week.
After ore tenus hearing the trial court refused to modify the amount of alimony and child support.
The father filed a motion to alter or amend the July 10th order. Testimony taken on that motion reveals he had become employed by Castle Construction Company in Huntsville, Alabama, and the four checks presented indicate his average take-home pay to be $158 per week. This employment was to cease as of August 15, 1984. The court denied the motion and ordered him to bring himself in full compliance with orders of the court, within three days, or appropriate sanctions would be taken by the court. The father appealed on August 21, 1984.
The burden of proving a change in financial circumstances of a party as a basis for modifying an alimony or child support award is on the party seeking such change. Wise v. Wise,396 So.2d 111 (Ala.Civ.App. 1981); Clarke v. Clarke, 47 Ala. App. 558, 258 So.2d 902 (1972). "The amount of child support to be granted either upon original decree or upon petition for modification rests within the sound discretion of the court after consideration of the needs of the child and the ability of the parent to pay." Wise v. Watson, 286 Ala. 22,236 So.2d 681 (1970). Its judgment will not be reversed except for a plain abuse of that discretion. Williamson v. Williamson,391 So.2d 115 (Ala.Civ.App. 1980).
At the time of the first hearing, the father was unemployed, had no source of income and had sold a van to meet his support obligations; he had no further assets from which to pay. There was no evidence presented to the contrary, yet the court refused modification and entered judgment, again directing payment of $450 as alimony and child support. In addition, the court directed that unless the father brought all arrears up to date within forty-five days, his failure would be considered by the court as a contempt and appropriate sanctions would be considered. Such a judgment was contrary to the undisputed evidence of inability to pay produced by the father and was thus an abuse of discretion. Ex parte Talbert, 419 So.2d 240
(Ala.Civ.App. 1982). That judgment must therefore be set aside.
The record discloses that subsequent to the judgment and during the pendency of a motion for rehearing, the father obtained temporary employment from which he earned wages of some $150 per week. The trial court denied relief on rehearing, even though the evidence clearly showed again that even the employment would not enable the father to pay $450 per month and provide for his own living expenses. Thus the court again abused its discretion by denying relief.
For the stated abuse of discretion in denying the petition of the father for a modification of the original judgment for alimony and child support, the judgment of denial entered July 10, 1984, must be and is reversed and set aside. The case is remanded to the trial court for a determination of the present financial ability of the father to pay alimony and child support.
The foregoing opinion was prepared by retired Circuit Judge ROBERT M. PARKER, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama *Page 973 
1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.