I respectfully dissent.
It is a well-established rule of law that requires no citation of authority that, when a trial court conducts an oretenus hearing, its judgment will not be reversed unless plainly and palpably wrong. This court has further recognized, as the majority concedes, that the weight and credibility of a witness's testimony are for the trial court's determination.Snow v. Snow, 393 So.2d 1020 (Ala.Civ.App. 1981); Meyer v.Meyer, 375 So.2d 799 (Ala.Civ.App. 1979).
I must disagree with the majority as to their finding that no conflict or dispute exists in the evidence of this case. My examination of the record reveals that the father's own testimony was in conflict with regard to the number of days that he had actually worked prior to the hearing. This testimony was especially critical due to its relationship to income earned by the father.
The trial court made express findings of fact that the testimony of the father was not truthful. This conclusion was premised upon the trial court's opportunity to observe this witness and to hear his testimony. Further, it should be noted that the trial court had the opportunity to observe and hear this witness at an earlier proceeding in this same matter.
While it is true that the testimony of this witness was uncontradicted by any other witness, it should be remembered that this witness contradicted himself. Furthermore, this witness was far from being a disinterested party. Given this witness's interested status as a party, it would seem that the judgment of the trier of facts, as to the weight and credibility of the witness, would play a significant role in any judgment reached.
Given my review of this witness's testimony and his contradictory statements regarding his time of employment, I must agree with the trial court's judgment.
I, therefore, must respectfully dissent.