(112 So. 207)

HOGG v. JENIFER IRON CO. (6 Div. 696.)

Supreme Court of Alabama. March 24, 1927.

Rehearing Denied April 21, 1927.

1. Appeal and error ⬤⇒660(3)—Supreme Court must dispose of case on record, though incomplete where submitted without pursuing remedy provided to perfect record (Supreme Court Rules of Practice, rule 19).

Supreme Court must dispose of case on record as it stands, though record was incomplete, because omitting part of oral testimony taken in trial court, where it was submitted without pursuing remedy of rule 19, Supreme Court Rules of Practice (Code 1923, vol. 4, p. 885), providing parties, on suggestion of diminution of record and motion for certiorari, a remedy to perfect record.

2. Appeal and error ⬤⇒695(1)—Supreme Court cannot review finding of facts unless record contains all testimony.

Where record does not contain all testimony on which case was submitted to trial court, Supreme Court cannot review finding of facts.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill for injunction by the Jenifer Iron Company against Link Hogg. From a decree for complainant, defendant appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

In view of the decision, it is not necessary that brief be here set out.

Mathews & Mathews, of Bessemer, for appellee.

Where the record fails to set out the testimony upon the hearing, the Supreme Court will presume that the omitted testimony justified the finding and conclusion of the trial court. Brown v. Sutton, 210 Ala. 245, 97 So. 738. The trial court not having been invoked to have the evidence transcribed, the question cannot be raised in this court. Jones v. Jefferson County, ante, p. 19, 108 So. 760; Birmingham L. & A. Co. v. First Nat. Bank, 100 Ala. 249, 13 So. 945, 46 Am. St. Rep. 45.

BROWN, J. This appeal is from the final decree rendered on a submission of the cause on the pleading and proof, and is here submitted without suggestion of a diminution of the record, or motion for certiorari to perfect it, under rule 19 of Supreme Court Practice (Code 1923, vol. 4, p. 885).

It is conceded by the appellant that the record is incomplete in that a part of the testimony—that given orally in the presence of the trial court and taken in shorthand by the court reporter—embraced in the submission, is omitted from the record. We find appended to the record a petition praying for mandamus or other appropriate writ, to be directed to the trial court or its officers, to compel transcription of the oral testimony and certification of the same, as a part of the record, but there is no submission on this petition, nor was it called to the court's attention at the time of the submission.

[1] The rule of practice, 19, supra, provides the parties, on the suggestion of a diminution of the record and motion for certiorari, a remedy to perfect the record, and it was the duty of the appellant, before submitting his case, to pursue this remedy; but, having submitted the case without doing so, the court has no other alternative than to dispose of the case on the record as it now stands.

[2] The record shows no rulings on the demurrers to the bill, nor on the motions made the basis of the assignments of error, and, it appearing that the record does not contain all of the testimony upon which the case was submitted to the trial court, we cannot review the finding on the facts.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.