98 So.2d 425

Lois WILSON

v.

James K. HOWARD.

I Div. 711.

Supreme Court of Alabama.

May 9, 1957.

Rehearing Denied Nov. 21, 1957.

C. LeNoir Thompson, Bay Minette, for appellant.

J. B. Blackburn, Bay Minette, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court reducing the monthly payments which were required to be made by James K. Howard (appellee) to Lois Wilson (appellant) for the maintenance and support of their minor child, who was four years of age at the time this suit was filed, from $77.10 per month to $45.70 per month. The obligation to make these payments for the support of this minor child is the result of a provision incorporated in a decree which granted a divorce to Lois Wilson from James K. Howard. Both the former husband and wife have since remarried.

The case is submitted here on a motion to affirm the decree of the lower court on certificate and on the merits. We first shall discuss the motion.

I. It is argued by the appellee that the motion to affirm on certificate should be granted because the appellant has not complied with Rule 1 of this Court and Equity Rule 56, as amended, Code 1940, Tit. 7 Appendix. Rule 1 of this court provides among other things that, "Such assignments shall be written or typed upon transcript paper and bound with the transcript, and shall bear the certificate of the appellant, or his counsel, that a copy of same has been served upon the appellee or his counsel." The assignments referred to are the assignments of error on appeal to this court. The record shows that the assignments of error are written and typed upon the record in this case. The case was submitted here on March 21, 1957. In connection with the assignments of error, the appellant, after setting forth the assignments of error, makes the following statement:

"March 20, 1957
State of Alabama
Baldwin County

"I hereby certify that I delivered a copy of the foregoing Assignment of Errors to the Honorable J. B. Blackburn, Solicitor for the Appellee, on the 4th day of March, 1957.

"C. LeNoir Thompson
Solicitor for Appellant"

Appellant's brief was served on counsel for the appellee on March 1, 1957. The result is that under Rule 12 of this Court, the appellee was deprived of three days for the preparation of his brief to answer the assignments of error.

In Edge v. Bice, 263 Ala. 273, 82 So.2d 252, 254, this Court said:

"Appellee in briefs calls attention to the failure of appellant to certify that a copy of the assignments of error had been served on appellee as required by amended Supreme Court Rule 1. The record is silent as to that, and no attention was directed to it on the submission of the case in this Court. That was a waiver by appellee of the requirement. It is not jurisdictional.

"It is also insisted that we should not consider the merits of the appeal because appellant's brief did not comply with Rule 1, supra. But we have held that when appellant's brief does not comply with the rule, if it fairly and helpfully makes the points upon which appellant relies the Court may in its discretion consider those points on their merits. * * *"

■ Since we have held that the requirement of Supreme Court Rule 1 is not jurisdictional and it does not appear that the appellee has been prejudiced by the failure of the appellant to comply strictly with Supreme Court Rule 1, it necessarily follows, as pointed out in the foregoing authority, that this Court has a discretion as to whether it will consider the case on the merits. We resolve that question in favor of the appellant and are, accordingly, not willing to grant the motion on the ground here considered. Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579.

As to compliance with Equity Rule 56, as amended, we find the following certificate in the record after the evidence set forth in the record:

*"Certificate*

"I hereby certify that the foregoing, consisting of pages 12 to 16, both inclusive, correctly sets forth a true and correct transcript of the testimony as taken by me on this 22nd day of June, 1956, in the above styled cause. This 22nd day of June, 1956.

"Louise Dusenbury
Court Reporter

"Filed July 10, 1956
Alice J. Duck, Clerk."

■ It is true that the signature of the court reporter in the record of this appeal is not in her own handwriting but is typed, but this does not justify us in saying that Equity Rule 56, as amended, has not been complied with.

II. The appellee testified that he was divorced from the appellant on August 2, 1954 and that both the appellee and the appellant have remarried. The appellant and the appellee are the parents of Carolyn Howard, a girl then four years of age. When they were divorced appellee agreed to pay $77.10 per month for the maintenance and support of the child. He is in the military service. He is paid $169.70 per month and $13 per month in addition when overseas. His monthly income tax is $14 per month. He has a monthly quarters allowance of $77.10. As long as he was divorced all of the quarters allowance was paid to the child. Since he has remarried no additional quarters allowance will be paid and he will be required to support his present wife and the child by his second marriage out of $169.70 per month in the event the $77.10 per month is paid to the child. He further testified that

any reduction in the payment of $77.10 per month to the child could be used to support his new family. He has no other income. He further testified that $77.10 is too much for the maintenance and support of the child and that a reasonable monthly amount for the maintenance and support of the child would be $35 or $40 per month.

The appellant testified that she was the former wife of appellee and is the mother of Carolyn Howard and that she previously received an allotment of $137.10 for herself and the child. On cross examination she testified that at the time the agreement was made for the appellee to pay $77.10 per month, both she and the appellee were divorced and neither had remarried, and that she does not know what it costs each month to maintain Carolyn Howard and that she could not tell what she spends for food or clothes or rent. She further testified, however, that while she cannot tell what it costs a month to maintain Carolyn Howard, she does know that it costs more than $77.10 as provided in the original agreement.

This Court has held that the fact that a divorced husband has remarried is a circumstance which may be considered in weighing the equities of the situation when he requests the court to reduce support and maintenance payments to minor children. Stewart v. Stewart, 261 Ala. 374, 74 So.2d 423 and cases cited therein. Our Alabama cases, however, hold that although remarriage may properly be considered, the fact that the husband has remarried, thereby increasing his expenses, is not such a change in condition of the parties as to justify a modification of the original support decree. Stewart v. Stewart, supra and cases cited therein.

Under the evidence we find no proof of a change in conditions existing at the time of the decree of divorce and the time the present application for modification of the allowance made thereunder and that being true, we are unable to see any basis for a reduction in the amount of the allowance for the support of the child.

The decree of the lower court is, therefore, reversed and one is here rendered restoring the allowance to the appellant of $77.10 as support for Carolyn Howard.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.

## On Rehearing

STAKELY, Justice.

In support of his application for rehearing appellee contends that we were in error in reversing the decree below for the reason that appellant's evidence was not certified by the reporter as required by Equity Rule 56, Code 1940, Tit. 7 Appendix, and was not, therefore, properly before us. The evidence in the case was in part ore tenus before the court and in other part by deposition. The testimony of the respondent (appellant here) was given orally before the court, and at the end of it the record shows a purported certificate of correctness with a blank line under the words "Court Reporter," and with no name signed or typewritten. At the end of the testimony for complainant (appellee here) there appears the Reporter's Certificate which we reproduced and treated in the original opinion above. We overlooked this unsigned certificate on original consideration.

If it be conceded that the absence of a proper certificate by the court reporter would prevent consideration of appellant's testimony (as to this see Bentley v. County Commission, 264 Ala. 106, 108, 84 So.2d 490), that is a matter immaterial to the ultimate question here involved, which is, did the husband show such a change in the condition of the parties as to warrant modification of the original support decree? Eliminating entirely the evidence offered by the wife, the result must be the same. The evidence on behalf of the husband wholly fails to show any such changed conditions as may be made the basis for a modification of the former decree. We adhere to the con-

clusion reached and stated in the original opinion.

Rehearing denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.