**126**

167 So.2d 552

**Edgar T. GAINES**

**v.**

**EXCHANGE SECURITY BANK.**

**7 Div. 635.**

Supreme Court of Alabama.

Sept. 3, 1964.

Roy D. McCord, Gadsden, for appellant.

Jas. W. Aird, Anniston, for appellee.

GOODWYN, Justice.

167 So.2d 688

**Jonny Lee JOHNSON**

**v.**

**A. Harper JOHNSON.**

**3 Div. 103.**

Supreme Court of Alabama.

Sept. 3, 1964.

and child support, alleging, as grounds therefor, the following:

"That at the time the decree of divorce was rendered on, to-wit, January 4, 1960, your Petitioner had a responsible position with the Johnson Tire and Supply Company, and was earning a straight salary of $750 per month. That during the past year competition in the automobile parts business has become very keen, and Johnson Tire and Supply Company has been forced to decrease its margin of profit, in order to meet said competition, and in fact Johnson Tire and Supply Company does not now and has not for a period of one year or more, realized the profits from its business operation that it had enjoyed up to and including January 4, 1960. That your Petitioner's income depends entirely upon the Johnson Tire and Supply Company profits, and when said profits decreased, your Petitioner's salary decreased accordingly. That Petitioner's salary has necessarily been reduced due to the decreased profits of the business.

"Your Petitioner further avers that since there has been this drastic change in his financial position since January 4, 1960, he is not financially able to make these monthly payments of alimony and support as set out in said decree, but Petitioner is ready and willing to pay whatever sum of money is reasonable in the light of his drastically reduced earnings.

"Petitioner further avers that he has since the divorce decree was rendered on January 4, 1960, remarried, and avers that his present wife is now working. He avers that the Complainant in the divorce proceeding has never worked since the date of the decree, and has made no effort to prepare herself for employment, or to secure employment. He avers that Complainant in the divorce proceeding has and is now residing with her

———◆———

Albert W. Copeland, Frank W. Riggs, III, and Godbold, Hobbs & Copeland, Montgomery, for appellant.

Ball & Ball, Montgomery, for appellee.

GOODWYN, Justice.

Appellant (wife) and appellee (husband) were married on November 29, 1947. On January 4, 1960, appellant was granted a divorce and awarded custody of the parties' nine-year-old son. Incorporated in and made a part of the decree was an agreement of the parties providing for payment by appellee to appellant of $325 a month as alimony and child support.

On February 5, 1963, appellee petitioned for modification of the award of alimony

parents, and has no rental, utilities, or other of the usual living expenses."

After an oral hearing of the evidence, the trial court rendered a decree reducing the award payments to $200 per month. The wife then brought this appeal from that decree. Our conclusion is that the evidence does not show such a change in conditions since the decree of January 4, 1960, as to justify the modification of the award.

■ While there is evidence of a change for the worse in the financial affairs of Johnson Tire and Supply Company since the decree of January 4, 1960, appellee's claimed reduction in his salary is not supported by the evidence. The worsening financial condition of the Company (a corporation closely held by the Johnson family and of which appellee is president) without a concomitant reduction in appellee's salary, is not such a change in conditions as to warrant the modification.

The evidence shows that appellee remarried in August, 1960; that his present wife, at that time, was working as a dental hygienist; that since the marriage his wife has been on the payroll of Johnson Tire and Supply Company at $200 per month; that "she is inventory control clerk, and also does some secretarial work"; that, when appellee remarried, he was living in an apartment for which he paid rental of $65 a month; that he continued to live there with his wife and her teen-age daughter through October, 1962; that he bought a house in November, 1962, making a down payment of $1500 with the balance of the purchase price being represented by a first mortgage of $18,410.35; that the monthly payments on said mortgage are $137.62; that on March 27, 1963, after the filing of his petition for modification and prior to the hearing on April 3, 1963, he placed a second mortgage on the home in the amount of $2,650; that the monthly payments on the second mortgage are $84.70; that appellant, since the divorce, has lived with her parents in Florida, her father being retired; that she contributes the sum of $130 a month as her and her son's part of the

living expenses with her parents and, in addition, pays $11 a month on the water and electric bill; that she did not work before the divorce and is not able now to work profitably and, at the same time, look after the parties' son, who is now twelve years of age; and that appellant's standard of living since the divorce has not been as good as it was prior thereto, as she now shares a three-bedroom house with her parents, has no transportation of her own, and generally lives on a lower scale than before the divorce.

■ There can be no doubt that appellee's expenses have increased by virtue of his remarriage; but that circumstance is not, in and of itself, sufficient to support a modification of the award. See: Massey v. Massey, 276 Ala. 502, 164 So.2d 498; Wilson v. Howard, 266 Ala. 636, 639, 98 So.2d 425; Young v. Young, 262 Ala. 254, 256, 78 So.2d 265; Stewart v. Stewart, 261 Ala. 374, 376, 74 So.2d 423. The applicable rule is thus stated in the Stewart case:

"* * * The fact that a divorced husband has remarried is a circumstance that may be considered in weighing the equities of the situation when he requests the court to reduce support and maintenance payments to minor children. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89; Keith v. Paden, 255 Ala. 294, 51 So.2d 9; Jones v. Jones, 251 Ala. 179, 36 So.2d 310; Morris v. Morris, 240 Ala. 399, 199 So. 803; 17 Am.Jur., Divorce and Separation, § 703, p. 534; 27 C.J.S., Divorce, § 322 b, p. 1245. However, although the cases hold that remarriage may properly be considered, they unanimously hold that the fact that the husband has remarried, thereby increasing his expenses, is not such a change in condition of the parties as to justify a modification of the original support decree. Colton v. Colton, 252 Ala. 442, 41 So.2d 398; Ramsey v. Kitchens, 249 Ala. 609, 32 So.2d 361; Tidmore v. Tidmore, 248 Ala. 150, 26

So.2d 905; Aiken v. Aiken, 221 Ala. 67, 127 So. 819. * * *"

From a consideration of the evidence, we are brought to the inescapable conclusion that the real basis for modification of the award is appellee's remarriage and his increased expenses incident thereto. This is not sufficient.

We are always reluctant to reverse when the evidence has been taken orally before the trial court, but when, on consideration of the record, we do not find in the evidence sufficient basis for the trial court's decree, we have no alternative but to reverse. Such is this case.

The decree appealed from is due to be reversed and the cause remanded to the trial court for entering a decree denying appellee's petition for modification.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.