212 So.2d 596

Rosalee EATON et al.

v.

Mary Kathryn SHENE et al.

6 Div. 472.

Supreme Court of Alabama.

June 27, 1968.

Grover S. McLeod, Birmingham, for appellants.

Ralph E. Coleman, Birmingham, for appellees.

SIMPSON, Justice.

This is a custody case involving a small boy, approximately six years of age. The boy's putative father, Willis Edward Argo, filed a motion with the Juvenile Court of Jefferson County for reconsideration of the matter, the young boy having been a ward of that court from the 17th day of March, 1965. With the consent of the father the boy had been placed with the Bureau of Catholic Charities by the Juvenile Court of Jefferson County on April 8, 1965. During this period of time the father, Willis Edward Argo served a two year prison term in the federal penitentiary. The Bureau of Catholic Charities placed the boy with the Eatons (appellants here) who served as foster parents to him for some 16 months. They received the sum of $35 per month while the boy was with them, paid by the Bureau of Catholic Charities.

Following his release from the penitentiary, Argo filed the aforementioned motion in the Juvenile Court for reconsideration of the custody of Robbie (the child). He was taken from the Eatons' home by the Bureau of Catholic Charities and at the hearing held pursuant to his motion, the Juvenile Court restored custody of the boy to Argo. On November 15, 1966 a custody petition was filed by Mary Kathryn Shene, Robbie's natural mother, which was heard on December 16, 1966 and denied. The mother appealed to the Circuit Court. Once the proceedings were in the Circuit Court, the Eatons filed a petition to intervene. Mrs. Bertha S. Mosley, Argo's mother, also filed a petition to intervene. The Circuit Court heard the evidence in the case and entered its decree granting custody of the little boy to his father on March 22, 1967. This appeal followed.

It is the contention of the appellants that the trial court erred in awarding custody of the child in this case to his father. The argument is that the father is an unfit person to have the care and custody of this young boy.

As we have so often said, child custody cases are the most difficult of all the types of cases this court is called upon

**430**

to decide. Paramount in each case is the welfare of the child. Chandler v. Whatley, 238 Ala. 206, 189 So. 751; Wright v. Price, 226 Ala. 591, 147 So. 886; McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674, and others too numerous to mention.

That guiding principle, however, hardly solves the problem. Who can judge with certainty what is best for the present and future welfare of a young boy? In the record before us we find that the father of this young child has sired at least seven other children. He has made no effort to support any of the other children. He has been arrested at least thirty times for drunkenness and disorderly conduct. He has seldom held a steady job, and was discharged from the armed forces with an undesirable discharge for the good of the service. Since his release from the Federal penitentiary he has engaged in the operation of a small truck farm and he runs a small garage. He presently lives with his mother.

On the other hand the mother of Robbie lives presently in New Hampshire. She was born and reared in Vermont. She married Argo in 1947; they were divorced within three years. They met again in 1960 and she lived with him this time for three years. She left Robbie with his father. She testified that she had three illegitimate children by Argo. She is the mother of eight children in all—none of whom lives with her.

The Eatons are according to the record industrious people and enjoy an impeccable reputation in the community in which they live. No adverse evidence was adduced as to the home which they provided for Robbie while he was with them in their foster care.

The trial court heard all of this evidence, and more. Additionally the court conferred with the little boy in chambers. The content of that conference is not in the record. At the conclusion of the evidence, the trial court entered its decree which states in part:

"This Court was most agreeably impressed with the high order of efficiency of Sister Catherine Peter of the Bureau of Catholic Charities; Mrs. Paul McNeese of the Department of Pensions and Securities, and Mrs. Joyce Windom of the Juvenile Court.

"Upon consideration of the pleadings and evidence, together with agreed private conference in Chambers between the Court and the minor child, the Court is of the opinion that the following order should be made. It is therefore, ORDERED, ADJUDGED and DECREED:

"1. That the father's demurrer to the amended petition to intervene by Rosalie Eaton and Earl B. Eaton is overruled.

"2. That the decree of the Juvenile and Domestic Relations Court of Jefferson County is due to be, and is affirmed: the care, custody and control of the minor child herein is hereby awarded to the father, Willis Edward Argo."

 We are asked by the appellants here to reverse that decree. We cannot do so, on the record before us. While we might possibly entertain such an argument if we had all of the evidence which was before the trial court before us, we cannot do so on this record. There was evidence before the trial court which is not before us. With the agreement of the parties, the trial court interviewed this little boy in chambers. The content of that discussion as noted above is not included in the record.

 Over and over this court has held that where there was evidence before the trial court, and not before us, which may have influenced it at arriving at the conclusion it reached, we cannot disturb that finding. Ruck v. Ruck, 265 Ala. 29, 89 So.2d 274; Moore v. Pettus, 260 Ala. 616, 71 So.2d 814; Grand Lodge, etc. v. Hermione Lodge No. 16, etc., 258 Ala. 641, 64 So.2d 405; Thomas v. Thomas, 246 Ala. 484, 21 So.2d 321; Fuller v. Blackwell, 246 Ala. 476, 21 So.2d 617; Gipson v. Hicks,

243 Ala. 617, 11 So.2d 461; Linn v. Linn, 242 Ala. 688, 8 So.2d 187; McGriff v. McGriff, 242 Ala. 69, 4 So.2d 507; Allen v. Allen, 223 Ala. 223, 135 So. 169; Hogg v. Jenifer Iron Co., 215 Ala. 683, 112 So. 207; Wood v. Wood, 119 Ala. 183, 24 So. 841; and from Moore v. Pettus, supra:

"Under our well established rule we cannot disturb a finding of fact by a trial court where there was evidence before the trial court which may have influenced it in arriving at its finding of fact and which is not before us. Dancy v. Ratliff, 201 Ala. 162, 77 So. 688; Jones v. Jefferson County, 203 Ala. 137, 82 So. 167."

Therefore, while based upon the evidence which we do have before us there is little in Mr. Argo to admire, we do not have all of the evidence which influenced the trial court, and the Juvenile Court before it, to award custody of this child to him. It might be that his love and care for this little boy is his single virtue. In any event under the above cases no reversible error is made to appear.

Affirmed.

LIVINGSTON, C. J., and KOHN, J., concur.

HARWOOD, J., concurs in the result.