**Doris ADCOCK.**

**5 Div. 3.**

Court of Civil Appeals of Alabama.

Jan. 5, 1970.

229 So.2d 925

**Martha Ellenburg SPENGLER**

v.

**Joe Frank ELLENBURG.**

**4 Div. 2.**

Court of Civil Appeals of Alabama.

Jan. 5, 1970.

Paul J. Hooten, Roanoke, for appellant.

Lewis H. Hamner, Jr., Roanoke, for appellee.

Smith & Smith, Dothan, for appellant.

Farmer & Farmer, Dothan, for appellee.

THAGARD, Presiding Judge.

The appellant and the appellee were married on November 7, 1958. Out of their marriage a son, Terry Frank Ellenburg, was born on October 3, 1959. On November 2, 1964, a divorce was granted to the appellant and by agreement between them the appellant was given custody of said child from Sunday night at 6:00 P.M. to Tuesday night at 6:00 P.M. each week with appellee having custody and control of said child at all other times. The provisions of the above agreement were to remain in force and effect until September 1, 1966.

On November 28, 1967, appellant filed a petition asking the court to grant her the custody and control of the minor child, Terry Frank Ellenburg, during the school months of each year and that appellee, Joe Frank Ellenburg, be granted the custody and control of said minor child from June 5 to September 1 of each year.

Appellee filed an answer and a hearing was held on February 7, 1968, with testimony taken orally before the court.

The judge entered an order granting the custody of the minor child, Terry Frank Ellenburg, to the appellee from 6:00 P.M. on Sunday of each week until 6:00 P.M. on Friday of each week. The appellant was granted the custody and control of the minor child at all other times.

From this decree appeal was taken.

Martha Ellenburg Spengler, the appellant in this case, is married to a German, Gerhardt Spengler, who is seeking his American citizenship. They own their own business, two beauty shops, and a two-story, eight-room house in a nice residential area. Several witnesses testified that the appellant was a fit and proper person to have the care, custody and control of her minor son, Terry Frank Ellenburg.

The appellee, Joe Frank Ellenburg, is the former husband of the appellant. He lives with his mother and father and is engaged with his brother in farming approximately 600 acres of land. The witnesses for the appellee testified that the minor child was well cared for by his father and had neighboring cousins to play with during the day. The appellee's mother and sister-in-law looked after the minor child when the appellee was at work. Much testimony was introduced stressing the appellee's position that he was a fit and proper person to have the care and custody of Terry Frank Ellenburg, and that it would be to the best interest of the child if he continued under the present conditions.

The appellant's assignment of error two contends that the court erred in interviewing the child, Terry Frank Ellenburg, out of the presence of the attorneys for both the appellant and the appellee. We do not think this is error. As was stated in Callen v. Gill, 7 N.J. 312, 81 A.2d 495, 498:

"* * * The rules of evidence are somewhat relaxed in trials having to do with a determination of custody of an infant where it is necessary to learn of the child's psychology and preferences. * * *"

\*   \*   \*   \*   \*   \*

" \*   \*   \*   The court, in its conclusions, maintained the attitude that it was the court's privilege, in reaching its conclusions, to have a private talk with the child; and that was a sound position. \*   \*   \* "

As to appellant's assignments of errors one, three, four and five, we do not feel that the trial court erred in failing to grant to the appellant the custody of the minor child from 6:00 P.M. Sunday to 6:00 P.M. Friday of each week during the school months. The testimony presented by both appellant and appellee shows that each of them loves their child and are able to provide good homes and proper guidance and care for him. There was no evidence presented by the appellant showing a change in circumstances which would warrant a modification of the custodial arrangement. The trial judge heard all the testimony and observed all of the witnesses. He also had the opportunity to talk in private with the minor child and this may have influenced him in arriving at the conclusion he reached. On this point the court, in Eaton v. Shene, 282 Ala. 429, 212 So.2d 596, 598, stated as follows:

"Over and over this court has held that where there was evidence before the trial court, and not before us, which may have influenced it at arriving at the conclusion it reached, we cannot disturb that finding." (Citations omitted)

Therefore, on the basis of the aforementioned reasoning, we must affirm the trial court.

Affirmed.