326 So.2d 769

**Earlene W. COLLIER (Stephenson)**

v.

**L. Wayne COLLIER.**

**Civ. 625.**

Court of Civil Appeals of Alabama.

Jan. 7, 1976.

As Modified on Denial of Rehearing
Feb. 4, 1976.

Volz, Capouano, Wampold & Prestwood, and Al J. Sansone, Montgomery, for appellant.

L. H. Walden, Montgomery, for appellee.

**210**

BRADLEY, Judge.

Complainant and respondent were divorced on September 4, 1973.

On December 16, 1974 a substituted decree of the Circuit Court of Montgomery County awarded custody of Tracy M. Collier, age seven, and Dina Adrienne Collier, age eight, to complainant. Respondent was granted annual visitation with the children from June 15 through August 15 and for the AEA or spring holiday. Complainant was required to pre-pay air or automobile transportation costs for the visitation, and further was ordered to pay respondent $400 on June 15 and July 15 of each year.

On May 21, 1975 complainant petitioned for modification, alleging that respondent resides in Indiana, and that she had related to numerous persons that she did not intend to return the children to Alabama after the next visitation, but intended to commence legal action relating to custody in courts foreign to Alabama. On May 23 Judge William Thetford voluntarily recused himself from the action and the case was reassigned to Judge Frank Embry. That same day Judge Embry entered an order setting aside respondent's visitation privileges until June 25, the date appointed for hearing the petition. Respondent moved on June 6 to dissolve this temporary order and have an immediate hearing on the motion.

On July 1, 1975 respondent answered and cross-petitioned for custody of the children. The hearing originally set for June 25 also commenced on July 1. The following day the circuit court issued its decree of modification which left unchanged the custody of the children and the dates of respondent's visitation; extended the visitation for 1975 until August 18; required respondent to post a $10,000 bond to guarantee return of the children; required respondent to pay for transportation; deleted the $400 due respondent on June 15 and July 15; and taxed costs of the proceedings to respondent.

Respondent's assignments of error one through four contend that the May 23 order was issued under conditions inconsistent with Rule 65 ARCP. We feel that respondent is mistaken in equating the order below with a temporary restraining order or preliminary injunction. The provisions governing those devices found in Rule 65 are designed to protect parties in the context of injunctive relief. In the present case we deal with child custody, a matter over which chancery's jurisdiction is continuous, *Hayes v. Hayes*, 192 Ala. 280, 68 So. 351. The chancellor, having acquired jurisdiction over the children, may make such orders for their well-being as it deems appropriate; the welfare of the children being paramount, the interests of the other parties are secondary, *Ex parte Bates*, 247 Ala. 391, 24 So.2d 421. The May 23 order was not a Rule 65 order, but was an interlocutory ruling to be

reviewed by mandamus, *Brady v. Brady*, 144 Ala. 414, 39 So. 237, but is not reversible in this appeal.

■ Respondent argues that the requirement of $10,000 bond to guarantee the return of the children after visitation discriminates against her in violation of the fourteenth amendment to the United States Constitution. However, she cites no authority which would lead us to reject as unconstitutional either the trial court's power of setting bond to protect its jurisdiction over the children, or the general rule that the amount of such bond lies within the sound discretion of the court, *Whiteport v. Whiteport*, 283 Ala. 704, 220 So.2d 891; *Sneed v. Sneed*, 248 Ala. 88, 26 So.2d 561.

On July 11, 1975 this court entered the following decree regarding the bond in question:

"That the requirement of defendant posting a $10,000 bond and that surety thereon be a bonding or surety company or collateral in the form of cash, certificates of deposit or negotiable bonds or securities be set aside and superseded; that defendant Earline W. Collier Stephenson be permitted to exercise the visitation rights grantd to her upon her entering into a bond with good and sufficient sureties in the amount of $5,000 to be approved by the Deputy Register with condition that said sum be paid to L. Wayne Collier on proof by him that both of said minor children have not been returned to his custody after the expiration of the visitation period granted." Alabama Court of Civil Appeals, Civ. 626, July 11, 1975.

Our order of July 11, 1975, regarding the bond, shall remain in effect.

■ Regarding the remainder of the decree of modification, we hold the trial court in error. Although setting bond to protect the court's jurisdiction over the children lies with the trial judge's sound

discretion, we can find absolutely no authority which permits the withdrawal of child support to accomplish the same purpose. The primary legal and moral duty to support minor children rests with the father, *Brock v. Brock*, 281 Ala. 525, 205 So.2d 903. The mother can be compelled to contribute to this support only where the father is clearly incapable of providing it, *Womble v. Womble*, 56 Ala.App. 318, 321 So.2d 660.

■ The substituted decree of December 16, 1974 had set forth certain child support requirements the father was required to pay: prepayment of transportation costs and $400 due on June 15 and July 15 each year. In the instant modification proceedings, it was never contended, nor is any evidence whatsoever present in the record, that changed circumstances since that earlier decree made appellee incapable of furnishing these needs of his children. The trial court's order withdrawing this responsibility from the father and placing it on the mother is therefore palpably erroneous, *Wilson v. Howard*, 266 Ala. 636, 98 So.2d 425. We reverse those portions of the modification order which affect the dates and expenses of visitation and child support during visitation. This reversal leaves paragraphs 3, 3a, 3b, 3d and 4 in effect as they were rendered on December 16, 1974, without modification.

■ We have said above that there was no evidence in the record to support portions of the trial court's order. Appellee cites us to the case of *Eaton v. Shene*, 282 Ala. 429, 212 So.2d 596, for the proposition that, where it affirmatively appears that the trial judge had knowledge of evidence not in the record, findings based on that evidence will not be reversed on appeal. Here, as in *Eaton*, it is obvious that the trial judge interviewed the children *in camera*, and no transcript of that interview was made. As in *Eaton*, neither party objected to the interview, moved for transcription, or moved to exclude any evi-

dence elicited. In the instant case there is a controversy as to whether appellant had any notice or warning that the interview was going to take place. Nevertheless, after being informed that the interview had occurred, appellant's counsel made no motion to exclude, motion for mistrial, or any other objection to the trial judge's consideration of that interview. Appellant argues that such tactics would be unavailing since the interview was *fait accompli*, and the mere interposition of an objection would fail to purge the trial judge's mind of the matters discussed *in camera*. Granted, the mental impressions of a judge cannot be totally erased by an objection. However, failure of counsel to object prevents the trial judge from ruling on the admissibility of the evidence, and leaves the appeals court with nothing to review, *Boise Cascade Corp. v. Lee*, 291 Ala. 666, 286 So.2d 836. In the absence of an adverse ruling, a party is vulnerable to the doctrine articulated in *Eaton v. Shene, supra*.

However, we do not feel that the *Eaton* case requires us to affirm the trial court's instant decree. In the cited case the conjectured evidence presumably elicited from the child *in camera* related to his personal feelings and relationship with his father. In the present case, in order to affirm we must presume that the children testified to their father's financial status and ability to earn an income from his legal practice—sophisticated matters in which there is no showing that these children, age seven and eight, have the necessary knowledge on which to base an opinion. We feel that to presume that these children testified competently on this material issue strains the credulity of the appellate court beyond tolerable limits. Regarding *in camera* testimony of young children, *Eaton v. Shene, supra*, requires us to presume only disclosures of which the child might reasonably have first-hand knowledge or form an intelligent opinion. It does not require us to unreasonably presume that a child is a gen-

ius, has technical proficiency, or is the business confidante of adults. No presumptions arising from matter off the record can salvage this modification decree.

Because we have reversed several portions of the trial court's decree, we hold that the award of costs below is vacated automatically, see 10 Wright & Miller, Federal Practice and Procedure: Civil § 2668. As a result of our holding both parties have prevailed in part, both have lost in part, and neither one is a prevailing party entitled to costs as a matter of course under ARCP 54(d). We therefore order that each party be taxed half the costs of the proceedings below.

In light of our holdings on the various issues raised by this appeal, the decree of the trial court is reversed; the bond imposed on respondent by this court on July 11, 1975 shall remain in full force and effect.

Reversed and rendered.

WRIGHT, P. J., and HOLMES, J., concur.

Opinion corrected; application for rehearing overruled.