Appellant petitioned the Circuit Court of Houston County to modify a prior divorce decree by awarding him custody of his only child, eliminating alimony payments to his former wife, and eliminating a $213 monthly mortgage payment on the house awarded *Page 318 
to his former wife. Petitioner also sought to be relieved of the requirement that he maintain a $2,000 surety bond posted to assure compliance with the court's order concerning child visitation. After an ore tenus hearing, the court refused petitioner's request for relief. He appeals.
In December 1975 petitioner and his former wife, Mary Rebecca Meeks McEntire, were divorced and the custody of the only child of the marriage, a son, was given to the former wife. She was awarded child support of $400 per month, periodic alimony of $200 per month, title to the marital house and all its contents, $7,000 in cash, and an attorney's fee. The husband was required to maintain certain insurance policies of which the wife and child were beneficiaries, to continue automobile payments of $102 per month until the indebtedness on the automobile is satisfied, and to make monthly mortgage payments of $213 on the house awarded the wife until the mortgage is satisfied. The wife was required to convey to the husband her one-half interest in their jointly owned real property in the state of Arkansas.
After the divorce the husband continued to reside in Louisiana, where he was employed and living at the time of the divorce. He is still working for the same company by which he was employed at the time of the divorce at a slightly increased salary.
The husband is now married to the woman he had anticipated marrying at the time of the divorce. This present wife has one child, a son, by a previous marriage; her son receives some support from his natural father. The appellant's present wife is not employed. At the time the parties to this action were divorced, the husband testified he would be able to support two households. At the hearing before the trial court below he said he is still able to maintain two households.
After the divorce the wife remained in Dothan, where the parties had resided during their marriage. During this time she was unemployed. She and the child then moved to Atlanta, Georgia where she obtained employment with ARC Security at the Atlanta airport. Her present income consists of her take-home pay, which is approximately $200 bi-weekly, the combined alimony and child support payments of $600 per month she receives from the husband; and $270 per month income from renting the house in Dothan. She says her expenses average $900 per month.
The wife and son live in an apartment in an Atlanta suburb. The child walks to school, which is three blocks from the apartment. The wife testified that the child is doing well in school. The child told the court in chambers that he likes living in Atlanta and likes his school.
We begin our review of the issues raised by this appeal by reciting some familiar principles of law. In Sellers v.Sellers, 50 Ala. App. 158, 277 So.2d 616 (1973), this court said:
 "We approach this appeal, as in all cases in which the testimony is heard orally by the court, with the presumption that the decree of the court is correct. That the modification of a prior decree for support and alimony, based upon changed circumstances of the parties, is largely a matter within the judicial discretion of the trial court. The exercise of such discretion is to be disturbed on appeal only if from a review of the evidence this court finds in the decree such an abuse of discretion as to be plainly and palpably wrong." 50 Ala. App. at 160, 277 So.2d at 618 (citations omitted).
We would also point out that the burden of proving a material change in circumstances sufficient to warrant a modification of a previous decree relating to child support and periodic alimony is on the petitioner. Brumlow v. Brumlow, 282 Ala. 170,209 So.2d 849 (1968); Clarke v. Clarke, 47 Ala. App. 558,258 So.2d 902 (1972).
The only significant change in circumstances we are able to glean from the record is the remarriage of the husband. The effect of this event is minimal in view of his testimony at the divorce trial that the marriage would occur and that he would be able to support two families. Furthermore, *Page 319 
the remarriage of one of the parties to a divorce, even though a factor to be considered by the trial court, is not, standing alone, a sufficient change in circumstances to warrant a modification of a divorce decree. Johnson v. Johnson, 277 Ala. 126, 167 So.2d 688 (1964); Massey v. Massey, 276 Ala. 502,164 So.2d 498 (1964); Lloyd v. Lloyd, 52 Ala. App. 374,292 So.2d 668 (1974). After a careful consideration of all the evidence in the record, we cannot say that the trial court abused its discretion in refusing to modify the periodic alimony and child support aspect of the former decree.
With regard to whether the trial court erred in refusing to change custody of the child from the wife to the husband, the same rules which govern modification of child support and periodic alimony payments apply here. Modification of a decree awarding custody of a child must be based upon allegation and proof of a material change of circumstances affecting the best interests of the child since the last decree. The proponent of the change in custody has the burden of proving the material change in circumstances. Thorne v. Thorne, 344 So.2d 165
(Ala.Civ.App., 1977). Furthermore, where it is the mother who has custody and the children are young, our courts seldom deprive the mother of custody absent a showing that she is unfit. Cox v. Cox, 48 Ala. App. 574, 266 So.2d 784 (1972); Rowev. Rowe, 45 Ala. App. 367, 231 So.2d 144 (1970).
Here the appellee-wife has not been shown to be an unfit mother in any manner. It does not appear that the child is not being loved or well cared for by the mother. The court interviewed the child in chambers and this testimony indicates the child prefers to live with the mother. We cannot say the trial court abused its discretion by refusing to give custody of the child to the father.
The next issue raised by the husband is the refusal of the trial court to eliminate the requirement that he pay off the mortgage on the residence awarded to the wife in the prior decree.
The pertinent portion of the divorce decree provides as follows:
 "(7) That as and for a property settlement between the parties and alimony in gross to the Plaintiff, the Defendant shall convey by proper deed, within 10 days of the date hereof, all of his right, title and interest in and to the real estate at 105 North Roberta Avenue in the city of Dothan, Alabama and the Defendant shall assume and pay as his sole debt and obligation any indebtedness owing on said real estate and shall make any monthly installments due thereon as the same become due and upon the Defendant's failure to execute said deed as aforesaid, the said Clerk shall make such conveyance by Register's Deed; . . ."
It appears that the trial court intended the requirement that the husband assume the mortgage liability to be part of either the property settlement or the award of alimony in gross. However, whichever classification is placed on the award to the wife is irrelevant here for the reason that neither type of award can be modified once it becomes final.
In contrast to an award of child support and periodic alimony, a provision for a property settlement in a decree of final divorce is not a continuous provision. After a lapse of thirty days from the date of rendition of the decree, a court of equity cannot modify a property settlement provision except to correct clerical errors. Kelley v. Kelley, 53 Ala. App. 608,303 So.2d 108 (1974); Rule 59, ARCP. See also Cochran v.Cochran, 289 Ala. 615, 269 So.2d 897 (1972). There was no appeal from the original decree and it is therefore now final. The trial court had no authority to modify the requirement that the husband make the mortgage payments on the house if that requirement is characterized as part of the property settlement.
If not a portion of the property settlement, then the requirement of which the husband complains is alimony in gross. Under Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974), an award is alimony in gross when the amount of payment is fixed, *Page 320 
the time of payment is certain, the award is clearly denominated as "alimony in gross," and the trial court reserves no right in itself to later modify the provisions. The award in question meets all of these requirements. The amount is fixed, as the outstanding indebtedness on the mortgage is certain of calculation. The time of payment is certain, namely monthly until the mortgage is satisfied. The trial court denominated the award as alimony in gross or a property settlement, clearly intending the award by whatever name called to be compensation to the wife for loss of her rights in the husband's estate. Finally, there was no reservation of control over the award by the trial court. Hager reaffirmed the long line of decisions in this state holding an award of alimony in gross is not modifiable. Again, as there was no appeal from the original decree, the order is final and the trial court had no authority to modify the provision in question.
Finally the husband contends that the trial court erred in not eliminating the requirement that he maintain a $2,000 surety bond to assure compliance with the child visitation aspect of the former decree.
This court and the supreme court have approved in certain situations the requirement by the trial court that one of the parties to a divorce decree post a surety bond to assure compliance with the child visitation schedule prescribed by the decree. Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561 (1946);Collier v. Collier, 57 Ala. App. 208, 326 So.2d 769 (1976). In the case at bar the husband was required to post the bond to assure compliance with the trial court's visitation schedule after the wife had made known to the court that the husband had threatened to keep the child in Louisiana. The wife said that since the posting of the bond no problem had developed about the child's return from visiting his father.
We find no abuse of discretion by the trial court in maintaining the surety bond to assure compliance with its visitation decree. The husband argues, however, that since the wife no longer lives in Dothan the child is not returned to the jurisdiction of the court after visitation with him; consequently he should not be required to keep the bond on file with the court.
The primary purpose of the surety bond is to assure compliance with the court's decree, regardless of whether the child and custodian are present within the geographical jurisdiction of the court. It is true that most of the reported cases involve situations where one of the custodians still resides within the trial court's geographical jurisdiction. However, as we perceive the purpose of the bond, the presence of the custodian within the geographical jurisdiction is not required in order for the court to enforce its decrees. Such authority in the court exists by virtue of the fact that once a court obtains subject matter jurisdiction in a child custody case, it retains that jurisdiction during the minority of the child for such orders as may be necessary for the child's best interest. Bianco v. Graham, 268 Ala. 385, 106 So.2d 655 (1958).
No reversible error having been presented, the judgment of the trial court is affirmed.
Counsel for the wife has requested of this court an award of a reasonable attorney's fee for representing her in this appeal. This court has the power to award a reasonable attorney's fee for services rendered on appeal to a former wife. Lyons v. Lyons, 279 Ala. 329, 185 So.2d 121 (1966);Walker v. Walker, 56 Ala. App. 98, 319 So.2d 718 (1975). We consider $300 to be a reasonable fee for the services of the wife's attorney in representing her in this appeal and such sum is hereby awarded.
AFFIRMED; ATTORNEY'S FEE AWARDED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 321