This is a petition to modify child support. The mother appeals from the trial court's decree requiring a reduction in support payments. We affirm in part, reverse in part and remand.
The parties were divorced January 5, 1976. By an agreement subsequently incorporated in the judgment the mother was given custody of the two minor children, then aged six and three, with child support of $325 per month to be increased proportionately as the father received cost of living raises from his employment as a federal Internal Revenue agent. The father was required to pay all extra and ordinary medical and dental expenses in addition to keeping in force medical insurance on the children.
On March 31, 1976, the father filed a motion to reduce support payments alleging as a changed circumstance that the mother had become employed since the divorce. A year later, on March 28, 1977, the court ordered that a reference be held. The mother filed a petition to increase support on June 23, 1977, alleging that the children's financial needs had increased. On July 21, 1977, the reference was held. The deputy register filed findings of fact and recommended that both parties' motions be denied. It was also recommended that the provision in the decree requiring the father to pay medical and dental expenses be stricken. Both father and mother filed exceptions to the deputy register's report, the father contending that the mother was now gainfully employed, and the mother alleging that the children's expenses had increased. On October 12, 1977, the mother filed a Motion for Rule Nisi, contending that the father had not increased support in accordance with his cost of living pay raises and that he had failed to pay certain medical and dental bills. A year later, on October 31, 1978, a hearing was held on the exceptions to the reference and on the Motion for Rule Nisi.
Testimony at the hearing revealed that the father's salary was approximately $17,000 at the time of the divorce and approximately $20,000 at the time of the hearing. He testified that his expenses had increased as a result of his remarriage. The mother worked for Union Carbide with a take-home pay of approximately $600 a month. She testified that she was unemployed at the time of the divorce, but that the parties had agreed then that she would go to work to supplement the father's support payments and would waive alimony. In support of the charge of contempt, the mother testified that the father had refused to pay certain medical and drug bills in the amounts of $25, $80 and $25.
On April 28, 1978, the trial court entered an order reducing the father's support payments to $275 per month. It set aside the provision requiring automatic increases in support based on cost of living raises. It also ordered that the father would be required to pay only the "extraordinary" medical and dental expenses of the children.
The mother on appeal contends that the trial court abused its discretion in modifying the divorce decree, erred by not ruling on her Motion for Rule Nisi, and further abused its discretion by failing to grant her an award of attorney's fee.
A trial court's modification of a prior decree for child support, because of changed circumstances of the parties, is a matter within the trial court's judicial discretion which will be disturbed on review only if it is so unsupported by the evidence as to be plainly and palpably wrong. Morrow v. Morrow,351 So.2d 923 (Ala.Civ.App. 1977); Shepard v. Shepard,338 So.2d 1016 (Ala.Civ.App. 1976). The burden is upon the petitioner to show a material change in circumstances sufficient to warrant modification of a decree relating to child support. McEntire v. McEntire, 345 So.2d 316
(Ala.Civ.App. 1977). The father based his petition on the circumstance that the mother had obtained employment and he had married since the divorce. He presented evidence of the mother's income and of his own diminished capacity due to increased expenses since his marriage. *Page 1025 
We find the order reducing the child support payments is not supported by the evidence and is contrary to law. Though the mother now has income which she did not have at the time of the divorce, the father's income has also increased by approximately $3,000 annually. We have held that the primary legal and moral duty to support minor children rests with the father when he has the financial ability to provide it. Collierv. Collier, 57 Ala. App. 208, 326 So.2d 769 (1976). The comparison of income and financial ability between the mother and the father is not the proper criteria for determining the amount of support required of the father. The fact that the mother's income is as great or greater than the father's in no way changes the primary and compelling responsibility of the father to furnish support according to the needs of the children within his reasonable ability to do so. Womble v.Womble, 56 Ala. App. 318, 321 So.2d 660 (1975), cert. denied,295 Ala. 429, 321 So.2d 664.
It is evident that the mother also contributes to the support and care of the children in any case when she has custody and maintains a home for them. An increase in her income only inures to their joint benefits by enabling them to have a better standard of living. The payments required of the father are obviously insufficient to provide all the needs of two children. The obligation of the father in this case is not diminished by the income of the mother, though the children evidently will benefit from it.
We further conclude that the remarriage of the father, in light of his consonant increase in income and the increased need of the children arising from inflation and advancing maturity is not of itself a circumstance sufficient to merit a reduction in child support. Johnson v. Johnson, 277 Ala. 126,167 So.2d 688 (1964).
We therefore set aside the portions of the order of April 28, 1978 which reduced child support to $275 per month; which set aside the provisions relating to increases in support in proportion to defendant's cost of living increases in pay and which altered the provisions of the original judgment as to payment of medical and dental expenses of the children. We find such changes to be unsupported by evidence of change in circumstances and thus an abuse of discretion.
We further find no foundation in the record before us for the court dismissing plaintiff's Motion for Rule Nisi on the ground that it was moot. The evidence indicated there were medical bills incurred for the children which were unpaid. Whether these were liabilities of the father under the prior judgment and whether failure to pay them constituted contempt should have been determined by the court.
The mother contends error in the failure of the trial court to award her an attorney fee. Our review of the record discloses no request for an attorney fee except in the Motion for Rule Nisi. That motion is being reinstated by this decision and whether she is entitled to an attorney fee thereon is subject to the future exercise of the discretion of the trial court. Brock v. Brock, 281 Ala. 525, 205 So.2d 903 (1968). The court cannot be in error for failing to grant an attorney fee in the proceedings on the defendant's petition to modify when such fee was not requested. Ledyard v. Ledyard, 46 Ala. App. 27,237 So.2d 511 (1970).
In response to request by the wife for an attorney's fee on appeal, we grant to her for such use the amount of $500.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 1026