I respectfully dissent.
Viewing the record with the attendant presumptions accorded the trial court's decree, the following, to me, is pertinently revealed. The parties were divorced in September of 1979. The amount of support to be paid by the father-ex husband was agreed to by the parties. This agreement was incorporated in the decree of divorce. No appeal was taken from this decree.
At the time of the divorce the father-ex husband earned approximately $15,000 per year. The father-ex husband now, some eight months after the original divorce decree, earns approximately $14,400 per year. With these facts in mind, I do not find the trial court's action in denying a modification of the original decree to be such an abuse of discretion as to require reversal. *Page 114 
In fact, it is my belief that the trial court's action was imminently correct. See, Johnson v. Johnson, 277 Ala. 126,167 So.2d 688 (1964), wherein the Alabama Supreme Court indicated: The worsening condition of the business in which the husband is engaged, without a concomitant reduction in the husband's monthly salary, was not such a change in condition as to warrant modification of an award of alimony and child support.
It appears to me that what the father-ex husband is now attempting to accomplish is to extricate himself from the September decree without having taken an appeal from that decree.
I would affirm the action of the trial court.