WRIGHT, Presiding Judge.
This is a child custody case.
The appeal involves the custody of a ten-year-old little boy, Ronnie Berryhill, son of Doyle and Katherine Berryhill. The Berry-hills were married in 1968 and divorced in 1972, the divorce decree awarding custody of then 21-month-old Ronnie to his mother. The mother later married Joseph Strachan and remained married to him for about two years. Katherine and Joseph were then divorced, lived apart for a time, resumed living together in 1976 and continued living as husband and wife until her death from cancer in February 1980.
Within weeks after the mother’s death, a dispute arose between Doyle, Ronnie’s father, and Joseph, Ronnie’s stepfather, as to the custody of the child. Doyle sought custody through a petition to modify the 1972 decree awarding custody to Katherine. Joseph intervened, requesting that the court grant custody of the child to him.
After an ore tenus hearing, the trial court awarded Ronnie’s custody to his stepfather and granted his father visitation privileges. The father appeals and we affirm.
The primary issue is whether the trial court abused its discretion in awarding custody as it did in this case. Strickland v. Osborn, 333 So.2d 582 (Ala.Civ.App.1976); 11 B Ala.Digest, Infants, Key No. 19.3(7). Appellant argues that the court erred in awarding Ronnie’s custody to Joseph because he, Doyle, the child’s natural parent, was not shown to be unfit to have custody. It is a correct statement of law that the natural parent has a prima facie right to custody of his or her child in a contest for custody with a third party. Jackson v. Farmer, 247 Ala. 298, 24 So.2d 130 (1945). However, it is equally correct that such prima facie right of the parent may be rebutted or overcome by evidence of the best interest of the child. Borsdorf v. Mills, 49 Ala.App. 658, 275 So.2d 338 (1973). The trial court’s findings as to the best interests of the child, where the evidence is taken ore tenus, will not be disturbed unless plainly and palpably wrong. Marr v. Marr, 383 So.2d 194 (Ala.Civ.App.1980); Leigh v. Aiken, 54 Ala.App. 620, 311 So.2d 444 (1975). A summary of the evidence indicative of the best interests of the child reveals the following:
At the time of the hearing Ronnie was almost ten years old. He had known only his stepfather and mother as his parents, having lived with his stepfather at least six of the last eight years and continually the last four years. Very strong ties had developed between the boy and his stepfather during that. time. They had developed a loving father-son relationship during the child’s formative years as evidenced by the testimony of Ronnie’s school teachers, the family doctor, neighbors and *415 relatives pertaining to displays of affection common between the two, and the stepfather’s concern over Ronnie’s physical, emotional and educational well-being. The child has progressed well in school, has a great many friends and playmates and has always lived in Mobile. He is well-adjusted, very polite and happy. His stepfather is a sheet metal worker and earns in excess of eleven dollars per hour. He is a good employee, can provide the child with a place to live and relatives to look after him while the stepfather is at work. The future for Ronnie in these surroundings appears stable and bright.
The natural father has not lived with the child since before he was two years old. He had moved to Guin, Alabama, and the child had not seen him in four years. He has not attempted to visit Ronnie during that time. Ronnie did not recognize his father upon seeing him a few weeks prior to the hearing. To put it succinctly, the father showed little interest in providing for or being with his son for the four years prior to the death of the mother. He is, for all practical purposes, a stranger to his son.
We find the language we previously used in Borsdorf v. Mills, supra, particularly applicable in this case:
To tear him from his home and those he knows as his parents and the source of love, safety and security merely to give sanction to a principle of priority of right is unconscionable. The principle of priority of right of a parent to custody is founded upon the premise that because of a blood relation and instinct, such parent will better love and care for a child than one not so related. Such premise may be theoretically correct but practical experience has often proved it incorrect. The bonds of love between parent and child are not dependent upon blood relation and instinct but may be forged as strongly in the crucible of day to day living. Out of the actual relationship of parent and child love grows. It is not merely the product of the biological function of conception and giving birth. To give paramount consideration to the principle of parental priority of ownership in custody decisions would often be an anathema to the best interest of the child. 49 Ala.App. at 661, 275 So.2d at 341.
Although there is no direct testimony that the father is generally unfit morally as a parent, he is fifty-three years old, dependent upon a small disability check from Social Security and the largess of his elderly parents. He has made no contribution either to the physical, financial or emotional well-being of his child. Such evidence indicates lack of parental interest closely akin to abandonment. Evidence of parental unconcern for and disinterest in the physical and financial well-being of a child over a period of years surely may be considered as indicative of unfitness. In view of the evidence, we can find no abuse of the judicial discretion vested in the trial court. Neither is there foundation for appellant’s contention of denial of either procedural or substantive due process afforded by the Constitution of the United States or of the State of Alabama.
Appellant also contends that the trial court erred in sustaining the appellee’s objections to two questions which appellant sought to ask certain of its witnesses. Briefly, the first question, asking the witness about statements allegedly made by Katherine Berryhill regarding her fear of the appellee, calls for testimony that is clearly hearsay. We find no exception that would make such testimony admissible. The second question, whereby the appellant asked the appellee if he had ever killed anyone, was simply improper. The appellant made no attempt to prove a prior conviction in order to impeach the witness. See, Gamble, McElroy’s Alabama Evidence, § 145.01. The relevancy of the question was not otherwise shown. The trial court did not err in sustaining the appellee’s objections to the questions.
Finally, the appellant claims the trial court erred in conducting an in camera discussion with the child over appellant’s objection. This issue originally arose when appellee offered the child as a witness. Appellant objected on the ground that the *416 preference of custodian of the child was irrelevant. The judge then announced that he was going to talk to the child in camera. He was not going to ask him his preference, and his discourse with the child would be a part of the record. He asked appellant’s counsel if he objected to that. Counsel responded that he objected. He gave no ground. Wé have studied the record of the questions of the court and the answers of the child and find nothing material therein, not appearing otherwise in the record. There appears no injury to appellant. His original ground of objection to the child appearing as a witness was not well taken. His objection to the in camera examination was made without stating a ground as required by Rule 46, ARCP. There was no error. Spengler v. Ellenburg, 45 Ala.App. 328, 229 So.2d 925 (1970).
For lack of error, the judgment of the trial court is due to be affirmed.
There is no authority for the granting of the request of appellee for an attorney fee on appeal. It is therefore denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.