MURDOCK, Judge.
This is a child-custody-modification case. Keith Jennings, the father, and Jodi Jennings, the mother, married in 1983. They had two daughters, who were born in July 1987 and December 1990. In May 2000, the Etowah Circuit Court entered a divorce judgment dissolving the parties’ marriage on the ground of incompatibility. Pursuant to an agreement between the parties, which the trial court incorporated into the divorce judgment, custody of the children was awarded to the mother; standard visitation rights were awarded to the father; and the father was ordered to pay child support in the amount of $800 per month, an amount that was in excess of the Rule 32, Ala. R. Jud. Admin., guidelines.[1]
In March 2001, the mother filed a motion requesting that the trial court find the father in contempt of court for allegedly failing to abide by the terms of the divorce judgment, including allegedly failing to pay his child-support obligation. Thereafter, the father filed a petition to modify custody, requesting, in part, that he be awarded custody of the children, that the mother be granted visitation rights, and that the mother be required to pay him child support. The father requested, in the alternative, that he and the mother be awarded joint custody of the children, that his child-support obligation be reduced “per [the Rule 32] guidelines ... [to] the amount of $656.00 per month.”
Pursuant to an agreement reached by the parties while the mother’s contempt motion and the father’s petition to modify were still pending, the trial court entered an order in August 2001 awarding the father pendente lite custody of the parties’ older daughter. The mother retained custody of the parties’ younger daughter. In May 2002, the father filed a motion requesting that the trial court hold the mother in contempt for allegedly thwarting the exercise of his visitation rights with the parties’ younger daughter.[2]
After conducting four evidentiary hearings that occurred over the course of approximately one year and after it had entered a postjudgment order that allowed the parties to submit additional briefs and affidavits, the trial court entered a final judgment in February 2003 that stated, in part: *439 (Emphasis added.) The trial court denied the parties’ respective motions to hold one another in contempt. It also required the father to pay the mother $2,500 in past-due child support at the rate of $100 per month, and it reduced the father’s child-support obligation (exclusive of his arrear-age payment) to $500 per month.
*438 “3. One of the issues before this Court is the request by [the father] to have custody of [the younger child]. The undersigned, after carefully considering the facts of this case, and the ‘in camera’ conversations with both children, finds that the care, custody and control of [the younger child] shall remain with [the mother]. The care, custody and control of [the older child] shall remain with [the father]. This is a Final Order of this Court as to the custody of [the children].”
*439 The father filed a postjudgment motion. The trial court denied the motion. The father appeals, contending that the trial court erred by failing to award him custody of the parties’ younger daughter and that the trial court’s child-support award was not supported by the evidence.
As to the father’s first contention, we affirm the trial court’s judgment. As the mother correctly notes in her brief to this court, the trial court conducted “in camera” interviews with both of the children in the presence of the parties’ attorneys, but no transcripts of the interviews were made. It is clear from the language of the judgment that the trial court relied upon the interviews with the children in making its custody determination.[3] Alabama has long recognized that, with the consent of the parties, a trial court may conduct “in camera” interviews with minor children in a custody proceeding. See, e.g., Anonymous v. Anonymous, 353 So.2d 515, 517 (Ala.1977). However, if neither party requests that a transcript be made of the interview, the record on appeal is incomplete. This court repeatedly has stated that “where there was evidence before the trial court, and not before [the appellate court], which may have influenced [the trial court] at arriving at the conclusion it reached,” we will not disturb - that conclusion. Eaton v. Shene, 282 Ala. 429, 430, 212 So.2d 596, 598 (1968); see also Ezell v. Hammond, 447 So.2d 766 (Ala.Civ.App.1984). We therefore 'will not hold the trial court in error for refusing to change custody of the parties’ younger child from the mother to the father.
The father next contends that the trial court’s child-support award is not supported by the evidence. In its judgment, the .trial court stated:
. “With each party, having custody of one child, the Court finds , that, beginning March 5, 2003 and payable on the 5th of .each and every month thereafter, the . [father] will pay the [mother] $500.00 per month in current child support and an additional $100.00 per month on the arrearage.”
. The record contains the CS-41 child-support affidavits that were filed by both parties in March 2000 during their divorce proceeding and a CSM2 Child-Support Guideline form from that proceeding. It also contains unexecuted CS-41 forms and a CS-42 form, all of which were prepared by the mother and submitted with a November 2001 motion for pendente lite child support that the mother filed after the trial court awarded the father pendente lite custody of the older child. The parties’ incomes reflected on the November 2001 child-support forms differed from the parties’ incomes on the March 2000 child-support forms.’ Further, although the November 2001 CS-42 form purported to calculate the father’s child-support obligation *440 in accordance with Rule 32(B)(9), Ala. R. Jud. Admin, (providing the method for computing child support in split-custody cases), there is no indication that the unex-ecuted November 2001 CS-42 form provided the basis for the trial court’s child-support award. In fact, such a determination would not be supported by the evidence. The November 2001 CS-42 form reflected that the father’s child-support obligation, based on the parties’ income in 2001, was $503.58. At trial, the mother admitted that her gross monthly income was substantially more than the income that she had stated on the November 2001 CS — 42 form. Likewise, the father presented evidence that his gross monthly income exceeded the income that was reflected on the November 2001 CS-42 form.
After carefully reviewing the record, we are unable to determine what amount of gross monthly income the trial court attributed to either the father or the mother and whether the trial court followed the procedures described in Rule 32, Ala. R. Jud. Admin., for calculating child support. Accordingly, the trial court’s judgment as to child support is reversed, and the cause is remanded for compliance with Rule 32, Ala. R. Jud. Admin., including Rule 32(E) and the requirement that CS-41 forms and a CS-42 form be filed. See Martin v. Martin, 637 So.2d 901, 903 (Ala.Civ.App.1994).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ„ concur.

. The Rule 32 guidelines would have required the father to pay the mother child support in the amount of $656 per month. The parties agreed that if the mother remarried or if her income increased, the father would make child-support payments of $656 per month, "which is in accordance with said child support guidelines.”

. In July 2002, the father filed another motion requesting that the mother be held in contempt. In the father’s July 2002 motion, he requested that the trial court award him pen-dente-lite custody of the parties' younger child in lieu of incarcerating the mother. The trial court entered an order denying the father's request for pendente lite custody of tire younger child but holding his motion for contempt in abeyance.

. In his reply brief, the father acknowledges that the trial court interviewed the children "in camera" on October 31, 2000, and on February 4, 2002, but he states that the interviews occurred “approximately one year prior to the final Order being entered in this matter.” The father offers no legal authority that would support his apparent contention that the delay between the date of the interviews and the date that the trial court entered its judgment is sufficient justification for the reversal of the trial court's custody decision. Further, the father made no argument at trial that the trial court should not have considered the interviews in rendering its decision.